VIRGINIA DAVIS, an Infant by Her Parent CHARLES G. DAVIS, et al., Plaintiffs, *v.* WILLIAM D. DE FRANK, Respondent; MONROE AUTO SALES, Appellant.

Fourth Department, January 15, 1970.

*Chamberlain, D'Amanda, Bauman, Chatman & Oppenheimer* (*Louis D'Amanda* of counsel), for appellant.

*Fix, Spindelman, Turk & Himelein* (*Meyer Fix* of counsel), for respondent.

GOLDMAN, P. J.  In March, 1965 one De Frank, a prospective purchaser, was permitted by Monroe Auto Sales Corporation (Monroe) to test-drive one of its Mercedes-Benz automobiles. In the course of the test-drive, De Frank, who had three passengers in the car, collided with another vehicle.  The jury determined that the accident was the result of the negligence of De Frank.  The passengers and the other driver were injured and have secured verdicts totaling $16,598 against De Frank and Monroe.  The parties stipulated that the cross claim by Monroe against De Frank, and the question of insurance coverage, should be decided by the trial court without jury.  The trial court granted judgment over in favor of De Frank and determined that Monroe's insurance '' is prime insurance for all of the judgments '' awarded plaintiffs in the main action.

Although one of the injured parties and the negligent driver are the named parties, on this appeal the real parties in interest are the two insurance carriers: Monroe's insurer, Globe Indemnity Company (Globe), which is the actual appellant, and De Frank's insurer, Empire Mutual Insurance Company

(Empire) which, in the posture of this appeal, is the respondent. This controversy, involving the financial liability between two insurance companies upon policies written by them, presents a question of law which has not yet been reviewed by an appellate court in this State.

The resolution of the issue before us turns upon the provisions of the two policies. Both policies contained the same clauses with one exception. The policy schematic of the coverage is as follows:

| MONROE — OWNER (Globe) | DE FRANK — DRIVER (Empire) |
|---|---|
| PRIMARY — Named Insured | PRIMARY — Named Insured |
| OMNIBUS — Additional Insured: driver, S. 167 (2) Ins. L. | OMNIBUS — Additional Insured: driver, S. 167 (2) Ins. L. |
| OTHER INSURANCE — Drive Other Car Coverage | OTHER INSURANCE — Drive Other Car Coverage |
| " Excess ", if other Insurance while driving non-owned vehicle. | " Excess ", if other Insurance while driving non-owned vehicle. |
| LIMITATION OF COVERAGE FOR CERTAIN INSUREDS — No coverage of driver (not named insured) if other insurance, either primary or *excess*. | LIMITATION OF COVERAGE No exclusion of coverage for named insured while operating garage owned vehicle. |

The Empire (De Frank) policy provides that the carrier will pay " all sums which the insured shall become legally obligated to pay " arising from " the use of the owned or any non-owned automobile ". The policy further provides, under the title " Other Insurance ", that Empire shall be liable only up to the proportion that its limit of liability bears to the limit of liability of all valid and collectible insurance against such loss. The policy contains an excess clause which states: " provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The Globe (Monroe) policy, in defining " Persons Insured ", under the title " Limited Coverage for Certain Insureds (Garage) " provides for coverage of persons using the insured automobile with the insured's permission. In defining the persons to be included within this group, the policy contains a no

liability clause which states: "any other person, *but only if no other valid and collectible automobile liability insurance, either primary or excess,* with limits of liability at least equal to the minimum specified by the state financial responsibility law — is available to such person." (Emphasis supplied.) It is the effect to be given this clause that presents the central problem of this case.

The use of these differing clauses in these policies is another, and indeed striking, example of the conflict which arises so frequently between insurance carriers which try to limit their coverage as much as possible, short of making the contract unattractive to customers, and yet stay within the public policy of the Insurance Department of the State. We start with the fact that the State, by permitting the no liability provision to be included in the policy, has tacitly approved it.

The most recent Court of Appeals decision dealing with the question of coverage as between two carriers is *Federal Ins. Co.* v. *Atlantic Nat. Ins. Co.* (25 N Y 2d 71). That case, however, is distinguishable from the instant one, for in *Federal Ins.* there was a conflict between two excess clauses, neither policy having a no liability provision. In *Federal Ins.* both policies had the same purpose — making coverage excess — thus the problem of mutual repugnance, discussed by Chief Judge FULD (p. 76) was presented. In our case the Empire (De Frank) policy makes its coverage excess over other insurance, while the Globe (Monroe) policy avoids liability if there is other insurance, primary or excess. In its examination of whether there is any public policy favoring the placing of the liability as between the insurer of the owner and the insurer of the driver, *Federal Ins.* is helpful in this statement (p. 77): "On the one hand, it might be argued that Hertz ought to bear the full cost of accidents as a proper cost of its car rental business while, on the other hand, one could say that imposing the loss on the driver induces greater care by threatening accident-prone drivers with increased premiums or loss of coverage. Such considerations indicate the absence of a clearly demonstrable result from an insurance under-writing point of view. *Consequently, we must give effect to the parties' private law as reflected in their binding contractual arrangement.*" (Emphasis supplied.)

We can find no policy which overrides the unambiguous no liability clause in the Globe (Monroe) contract. We start, of course, with the uncontrovertible fact that the sole tort-feasor, the principal and only party who caused the plaintiffs' damage, was the operator of the automobile. Monroe, except for owner-ship of the vehicle, played no part whatsoever in the injuries

to the plaintiffs. Our primary concern should be for the innocent victims of the driver's carelessness and they will be fully compensated. It has been argued that section 167 of the Insurance Law and section 388 of the Vehicle and Traffic Law mandate a different result. Indeed it has recently been held by Special Term in *Mills* v. *Liberty Mut. Ins. Co.* (60 Misc 2d 1085), that any provision contrary to 11 NYCRR 60.1, which requires an owner's policy to contain coverage when the vehicle is used with permission of the named insured, is void (p. 1089). We cannot adopt this reasoning. The no liability clause does not operate unless there is sufficient insurance to meet the minimum set by the financial responsibility laws, thus public policy, to the extent it is expressed in this law, is not violated. The rewriting of Globe's (Monroe) contract by this court would require such a policy justification. Therefore, it is for the Legislature or the administrative body charged with overseeing and supervising insurance policies, and not the courts, to decide whether this clause is an improper limitation of liability.

*General Acc. Fire & Life Assur. Corp.* v. *Piazza* (4 N Y 2d 659), cited by both parties, although distinguishable from the case at bar, is instructive. There the vehicle's lessor's insurance policy contained a clause avoiding liability if any other party was required to carry insurance by any motor carrier law. The insurer for the lessee mounted two arguments against this exclusionary provision: first, the exclusion violated former section 59 (now § 388) of the Vehicle and Traffic Law, which required that the owner's insurance cover all those driving with permission; and second, the exclusion was not met, since the lessee was not required by law to carry insurance. The first argument is notably similar to the rationale of *Mills* v. *Liberty Mut. Ins. Co.* (*supra*) except that in *Mills* the holding rests on the regulation, while in *General Acc. Fire & Life Assur. Corp.* v. *Piazza* (*supra*), the argument rested on the statute. The court in *Piazza* firmly rejected this argument and held that the crucial consideration was the terms of the policy and that the terms could limit the coverage. Therefore, the case turned upon the second argument and the answer to the question of whether the lessee was required to insure under the Interstate Commerce Act. The court answered in the negative and held that the entire liability rested upon the insurer for the lessor. In the instant case the condition of the no liability in the Globe (Monroe) policy is met by the existence of other insurance, primary or excess.

In *Michigan Alkali Co.* v. *Bankers Ind. Ins. Co.* (103 F. 2d 345) the court, purportedly applying New York law, dealt with a conflict between the excess clause of the driver's policy and

the no liability clause of the owner's policy. In refusing to give effect to the latter, the court (p. 347) stated: "The Travelers' policy was only excess insurance if at the time of the loss the plaintiff was otherwise insured. The plaintiff was so insured by virtue of the defendant's policy, since the loss was within its limits and the policy was not invalidated under the terms of [the no liability clause] by excess insurance but only by 'collectible' insurance." Thus the holding of the *Michigan Alkali* case turned on the exact wording of the no liability clause. The no liability clause in the instant case is different from the one in *Michigan Alkali* since it provides that the policy will cover others only if there is no other valid and collectible insurance, *either primary or excess*. This additional phrase dictates a different construction of the contracts.

The weight of the out-of-State authority supports the distinction crucial to the determination of the case at bar. Thus it has been held that if a policy provision conditions coverage on there being no other valid and collectible insurance, either primary or excess, then the clause will be given effect and the other insurer, whose policy contains an excess clause, will have primary liability. (See *Faltersack* v. *Vanden Boogaard,* 39 Wis. 2d 64; *Allstate Ins. Co.* v. *Shelby Mut. Ins. Co.,* 269 N. C. 341; *Government Employees Ins. Co.* v. *Globe Ind. Co.,* 415 S. W. 2d 581 [Ky.]; *Continental Cas. Co.* v. *Weekes,* 74 So. 2d 367 [Fla.] 46 ALR 2d 1159.) This rule is, to some extent, an application of the principle of construction favoring the specific over the general (see, e.g., *Zurich Gen. Acc. & Liab. Ins. Co.* v. *Clamor,* 124 F. 2d 717, 720). The no liability provision in the Globe (Monroe) policy is prefaced by the statement that the limitation in coverage is " in consideration of a reduced rate of premium ". This exact statement in the policy in *Indiana Lumbermens Mut. Ins. Co.* v. *Mitchell* (409 F. 2d 392) was considered by the court to be support for the contention that the dealer-owner did not contract to cover already insured drivers.

Respondent relies heavily upon a quotation from Couch, Insurance (2d, vol. 16, § 62:76, p. 521) which appears to state a view contrary to ours. That quotation loses its potency when one reads section 62:75, immediately preceding the quoted section. The major heading of the section, to which section 62:76 is subordinate, is entitled " Excess and no-liability clauses " and states: " Where the no-liability clause expressly provides that the insurance does not apply to any loss covered by other specified types of insurance, including the excess insurance type, it has been held that the insurer whose policy so provides is absolved from liability."

In closing we are constrained to observe that in our judgment there would be no justification for prorating the liability between the two insurers. Militating against such a compromise determination is the clear language and intent of the no liability clause. There is no reason of policy to refuse to enforce a clear exclusionary provision which excludes liability only when there is other full legal coverage.

The judgment against defendant Monroe Auto Sales Corporation and its insurance carrier, Globe Indemnity Company, should be reversed and judgment should be entered in favor of Monroe Auto Sales Corporation and Globe Indemnity Company against defendant William D. De Frank and his insurance carrier, Empire Mutual Insurance Company.

WITMER, GABRIELLI and BASTOW, JJ., concur; DEL VECCHIO, J., not participating.

Judgment entered May 23, 1968 reversed on the law with costs and judgment on the cross claim granted against William D. De Frank and Empire Mutual Insurance Company in favor of Monroe Auto Sales Corporation and Globe Indemnity Company for the full amount of plaintiffs' judgments.