EDGAR C. MILLS et al., Respondents, *v.* LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants.

Fourth Department, May 20, 1971.

*Sheldon Hurwitz* and *Charles D. Brown* for appellants.

*Miles, Cochrane, Grosse, Rossetti & Lord* (*Lowell Grosse* of counsel), for respondents.

DEL VECCHIO, J. P. The sole question presented by this appeal is whether the principle, enunciated in *Davis* v. *De Frank* (33 A D 2d 236, affd. 27 N Y 2d 924 [Dec. 9, 1970]), should be applied in this case.

The facts are undisputed. On June 4, 1966 plaintiff Mills, a prospective purchaser, was operating a car owned by defendant Dowdall, an automobile sales agency, with the permission of the owner when the car was involved in an accident. The owner was then insured under a garage liability policy issued by defendant Liberty Mutual Insurance Company which included among the persons insured any person using a Dowdall vehicle with Dowdall's permission, but which also contained a "no liability" clause—i.e., one providing that any other person was a person insured "but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to minimum limits specified by the financial responsibility law * * * is available to such persons".

The driver was then insured by a liability policy issued by plaintiff Government Employees Insurance Company which covered him not only when operating his own vehicle but also when operating any other automobile, subject to an "excess" clause providing that the insurance as to other automobiles "shall be excess insurance over any other valid and collectible insurance". When suits were brought against the driver and the owner as a result of the accident, the driver Mills and his insurer, Government Employees, made a demand on Liberty Mutual, the owner Dowdall's insurer, to defend the driver and indemnify him under the policy issued to the owner. Upon Liberty Mutual's refusal, Government Employees undertook Mills' defense, but Mills and his insurer commenced this action for a judgment declaring that Liberty Mutual's policy extended to him, that the insurer under that policy was bound to defend Mills and pay any judgment against him and that the policy issued by Government Employees was excess insurance to the policy issued by Liberty Mutual. The answer denied coverage by Liberty Mutual and sought a declaration that Government Employees' policy was the only coverage available to Mills for the accident of June 4, 1966.

Subsequently, the negligence actions against the driver and owner were settled by the payment of $7,300 by each insurer, and it was stipulated that, on the determination of this declara-

tory judgment action, judgment in that amount together with the reasonable expenses of defending the negligence actions might be entered in favor of the successful insurer against the unsuccessful insurer.

In granting plaintiffs' motion for summary judgment, Special Term concluded that the "no liability" clause of Liberty Mutual's garage liability policy was void, that Liberty Mutual was primarily liable and that Government Employees' liability was only as to excess coverage over the Liberty Mutual policy. This decision was rendered on July 23, 1969, before this court decided *Davis* v. *De Frank* (33 A D 2d 236) on January 15, 1970. The facts in *Davis* are not distinguishable from the present case and the " no liability " clause there under consideration was identical to the one contained in the garage liability policy issued by defendant Liberty Mutual. In a comprehensive opinion, which considered authorities in this and other jurisdictions treating insurance and contract law and the particular clauses contained in the policies in issue and also the contention that public policy requires invalidation of the " no liability " clause, this court upheld this particular " no liability " clause and concluded that the garage liability policy did not provide coverage to a driver insured under a policy, like the one issued by Government Employees, which contains an " excess " clause as to the other automobile's coverage. When *Davis* was appealed to the Court of Appeals both insurers in the instant case filed briefs *amicus curiae,* recognizing that the issue there presented was the same issue raised in this case, pending appeal to this court. The briefs submitted by Government Employees and the insurer of the driver in *Davis* argued at length the invalidity of the " no liability " clause, based upon the same contentions urged before us — viz., that the clause violates the Superintendent of Insurance's regulation 35-A (11 NYCRR 60.1 [c]) and the public policy of this State. Nevertheless, the Court of Appeals affirmed the decision of this court without opinion. (27 N Y 2d 924.)

In light of that disposition, this court will adhere to its determination in *Davis* and will reverse the order and judgment of Special Term, unless some reason exists why *Davis* should not be applied.

Plaintiffs urge that *Davis* should not be controlling, contending that it was decided without the benefit of directives and opinions by the State Insurance Department, circulated after the issuance of the policies and the happening of the accident involved in the present case. Briefly, these opinions take the

position that the "no liability" clause is invalid. Plaintiffs assert that the letters stating this position were not included in the record on appeal in *Davis* and therefore were not considered by the Court of Appeals in its affirmance of our determination.

While plaintiffs are correct insofar as the record itself is concerned, the *amicus curiae* brief submitted by Government Employees (one of the plaintiffs in this case) included as "Exhibit B" attached thereto a copy of the Superintendent of Insurance's first letter dated April 22, 1969 declaring the "no liability" clause invalid. The letter was also referred to in the argument presented in the brief. In this circumstance, it is unrealistic to accept plaintiffs' suggestion that the Court of Appeals' decision was rendered without knowledge of the Superintendent's position.

On the other hand, if we apply the principle that matters contained in the briefs but not in the record are not to be considered on appeal (*Ray* v. *Ray*, 34 A D 2d 517; *Saraceno* v. *Piscopo*, 16 A D 2d 735), then the situation in the present case is precisely the same as it was in *Davis*, for the record is devoid of any communication by the Superintendent of Insurance indicating disapproval of the "no liability" clause. Plaintiffs Mills and Government Employees have merely added two letters from the Superintendent to their brief, one dated April 22, 1969 and the other June 4, 1970, and handed up an additional letter, dated January 19, 1971, at oral argument. All that is contained in the record before us reflecting the Superintendent's position is a communication from the Deputy Superintendent and General Counsel of the Department to counsel for Liberty Mutual in November, 1968 stating that, although the "no liability" clause had been accepted for filing by the Department's Rating Bureau in 1962, "no ruling by the Superintendent of Insurance with respect to compliance with the minimum provisions set forth in Regulation 35A was made thereon". This of course is not a ruling of invalidity by the Superintendent and does not serve to distinguish the record in the present case from that in *Davis*.

Plaintiffs' assertion that the November, 1968 letter controverts a conclusion in *Davis* that the State, by permitting the inclusion of the "no liability" clause in policies, had tacitly approved it and therefore justifies a different result from *Davis*, is also without merit. The disclaimer of an express ruling does not negate tacit approval. Furthermore, the determination in *Davis* did not rest primarily on the reference to State approval

but, as indicated above, was predicated on a consideration of the clause itself, viewed in the light of judicial authorities and public policy.

No reason appearing why *Davis* v. *De Frank* (33 A D 2d 236, affd. 27 N Y 2d 924, *supra*), should not be regarded as controlling, the order and judgment appealed from should be reversed and, in accordance with the stipulation, judgment should be entered in favor of Liberty Mutual declaring that Government Employees shall pay to Liberty Mutual the sum of $7,300 and its expenses including reasonable counsel fees in defense of the personal injury actions.

WITMER, MOULE, CARDAMONE and HENRY, JJ., concur.

Order and judgment unanimously reversed on the law, with costs, and judgment entered in favor of appellant Liberty Mutual Insurance Company in accordance with the opinion.