Gabbielli, J.
This litigation arises out of the collapse of a large crane rented by plaintiff from Engineered Rentals,. Inc. resulting in conceded damages of $25,000. The cross appeals in this court reach us upon stipulated facts. Plaintiff has subrogated its rights to its insurers who covered it against such *441 casualty and, in reality, the litigation is between them and the defendant, the insurer of Engineered Rentals against damage to its equipment while leased to others. Plaintiff’s carriers paid the loss and sought unsuccessfully to recover all or part of the loss. The Appellate Division reversed and directed entry of judgment for the plaintiff in the sum of $12,500, and with this determination we agree.
The essential inquiry in this controversy revolves about the effect of the liability insurance policy issued by defendant; and the resolution of the issue in this case turns on the meaning and effect of a provision therein which states that “ [t]here is excluded from insurance under this policy all merchandise which is insured against any hazard whatsoever under any other insurance whether such insurance directly insures the insured, or whether the insured has arranged to receive the benefits of such insurance, except that when such other insurance does not insure the interest of the insured and the insured has not arranged to receive the benefits from any other insurance, then this policy shall insure such interest of the insured in such property ” (emphasis added). There then followed the usual “ excess ” coverage clause which, incidentally, was present in the other policies involved herein.
The policy provisions attached to and made a part of the stipulated facts leave no room for doubt. It cannot be seriously contended that Engineered had actually “ arranged ” for the insurance coverage that had been secured by plaintiff, nor can it be said that this insurance specifically covered Engineered’s risk. By no valid interpretation can a contrary conclusion be drawn. In sum, plaintiff and Engineered each had separate policies covering only each of them for their own specific and respective risks. Hence, the exclusionary clause cannot then serve to absolve defendant from responsibility.
It is suggested that a contrary result is dictated by Davis v. De Frank (33 AD 2d 236, 238-239, affd. 27 N Y 2d 924). We do not so find. In that case the clause excluded drivers as insureds if they had procured other coverage, the critical policy provision stating that all persons “ using the insured automobile with the insured’s permission ” would be deemed to be insureds, “ but only if no other valid and collectible automobile liability insurance * * * is available to such person ” (emphasis added); *442 and, perforce, Davis is not supportive of defendant’s view for, even if the proceeds of other insurance were available to Engineered Rentals, defendant’s insurance would also be available unless Engineered had specifically “ arranged to receive the benefit ” of plaintiff’s insurance, or unless that insurance directly insured Engineered. Neither of these conditions was here present. In Davis there was involved direct and specific coverage by another policy and not, as in the instant case, the fact that another person (here the. plaintiff) also happened to have covered the same risk. We also take note, as evidenced by the stipulation, that the insurance carriers here involved are signatories to an agreement known as ‘ ‘ Guiding Principles for Overlapping Insurance Coverages ”, the pertinent part of which provides that “ [insurance secured by a custodian covering property belonging to others shall be primary to any other insurance. Where there is more than one custodian, the insurance of the custodian in possession of the property shall be primary but.this language is followed by an exception thereto which materially aids us in reaching our conclusion, wherein it is provided that this principle shall not apply “ (1) when the custodian’s insurance is afforded under a policy provision containing [as here] the words ‘ property for which the insured * * * is legally liable,’ or equivalent verbiage.”
In light of our determination that the exclusionary clause in defendant’s policy cannot be read to exempt defendant and the further fact that the policies covering these parties contained excess coverage provisions, these excess coverage “ clauses operate to cancel out each other, [and] both coverages must be treated as primary and each * * * is obligated to share ” in the loss (Federal Ins. Co. v. Atlantic Nat. Ins. Co., 25 N Y 2d 71, 75-76).
The order should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Waghtlbr and Rabin concur; Judge Stevens taking no part.
Order affirmed, without costs.