*230 OPINION OF THE COURT
Max Bloom, J.
This action flows from a controversy between two excess coverage insurers over which is liable for payment to two persons injured in an automobile accident.
On December 27, 1974, a mishap occurred on Pilot Knob Road, Fort Ann, New York, in which Seymour Hoffman, an infant, and Gary Loeb, passengers in an automobile driven by defendent Jack Tantleff, were injured. Action was brought which on May 8, 1978 resulted in a settlement in favor of Hoffman for the sum of $750,000, and in favor of Loeb for the sum of $30,000. The primary insurer, defendant Allstate Insurance Company (Allstate), paid the full amount of its policy. The excess insurers, Allstate and Lumbermens Mutual Casualty Company (Lumbermens), entered into a stipulation agreeing to pay the balance in equal shares, each reserving to itself the power to seek a determination of the rights of the respective parties. This action for a declaratory judgment followed. Lumbermens and Allstate now move and cross-move for summary judgment.
At the time of the accident the Tantleffs were covered by four policies of insurance. The primary insurance was issued to 111 South Street No. 2 by Allstate, and was either a $100,000 to $300,000 or a $300,000 single limit policy. Apparently, Jack Tantleff was driving a car registered in the name of 111 South Street No. 2 at the time of the accident. Allstate issued two additional policies to the Tantleffs; one to Irwin Tantleff (Irwin), presumptively the father of Jack, with coverage of $1,000,000 and one to Judith Tantleff (Judith), the mother of Jack, with coverage of $100,000 to $300,000. Both were admittedly excess coverage policies to Allstate’s primary policy. In addition, Lumbermens issued a catastrophe policy to Twin County Grocers, Inc./Twinco Services Inc., covering all their members with a policy limit of $5,000,000. Ill South Street No. 2 was a member of Twin County Grocers and, hence, was covered by this policy. This, too, was an excess coverage policy. Jack, as a member of the Tantleff family, was, by the express terms of all of the Allstate policies, covered under those policies.
We start with the premise that where the parties have manifested their intent in writing, the court is not free to rewrite their agreement. The agreement must be enforced according to its terms (Government Employees Ins. Co. v *231 Kligler, 42 NY2d 863; State Farm Mut. Auto. Ins. Co. v Westlake, 35 NY2d 587; Austrian v Equitable Life Assur. Soc. of U. S., 48 AD2d 144). The problem here lies in ascertaining precisely what the parties intended. The contracts are written with such artful ambiguity that even experienced insurance attorneys are compelled to labor over the question of interpretation. Indeed, one of the attorneys here involved, in seeking to interpret a provision of one of the insurance agreements (his adversary’s, of course), is reduced to the statement "the meaning it appears to portray [convey?] is to the effect that”.*
As hitherto indicated, the three insurance policies here in question — the two policies issued by Allstate to Irwin and Judith, and the policy issued by Lumbermens to Twin County Grocers, Inc./Twinco Services, Inc. — are all excess policies. The policy issued to Irwin so expressly provides and further specifies that the "retained limit”, i.e., the amount not covered by the insurance, shall be "the sum of the applicable limits of underlying policies listed in Schedule A”. Schedule A specifically lists the $100,000 to $300,000 issued by Allstate to 111 South Street No. 2. Hence, it is clear that, at least with respect to that policy, the insurance issued by Allstate to Irwin is excess insurance. The Allstate policy issued to Judith, while less clear, provides that where the loss is incurred by reason of the use of a "non-owned” vehicle, it "shall be excess insurance to any other collectible insurance”. The Lumbermens policy, in its indorsement No. 5 provides that, "In consideration of the premium charged, it is agreed that in the event of any claim arising out of the ownership, maintenance or use of an automobile by any member store of Twin County Grocers, Inc., and/or Twinco Services, Inc., shall be excess of at least the following limits whether insured or uninsured: Bodily Injury Liability, $100,000 each person, $300,000 each occurrence. Property Damage Liability, $50,000 each occurrence”.
Thus, two of these three policies — the Allstate policy issued to Irwin and the Lumbermens policy issued to Twin County Grocers/Twinco Services, Inc. — expressly provided for a "retained limit” of $100,000 to $300,000. The Allstate policy *232 issued to Judith does not specify any retained limit. It provides only that where, as here, the injury was occasioned by a nonowned vehicle, the obligation to pay does not arise until all insurance collectible under the policy insuring the non-owned vehicle had been paid.
It is clear that the insurers never contemplated the situation here presented. If they did, they made no endeavor to provide for it. Under these circumstances, logic and equity dictate that the excess insurers share the loss in proportion to the risk undertaken by each.
Where there are multiple policies covering the same risk, and each purports to be excess as to the other, the excess coverage clauses are held to cancel each other out and each is held to be a primary insurer (Pittsburgh Bridge & Iron Works v Liberty Mut Fire Ins. Co., 33 NY2d 439; Federal Ins. Co. v Atlantic Nat. Ins. Co., 25 NY2d 71; Atlantic Mut. Ins. Co. v Atlantic Nat. Ins. Co., 38 AD2d 517). Reasoning no less persuasive suggests application of the principal to excess insurers (Note: Concurrent Coverage in Automobile Liability Insurance, 65 Col L Rev 319).
While counsel have been unable to direct the attention of the court to any decision in this State which deals precisely with the situation here involved, cases in other jurisdictions impel the conclusion that the peril insured against having materialized, the excess insurers must share the loss in proportion to their undertaking (Sloviaczek v Matter of Puckett, 98 Idaho 371; Buckeye Union Ins. Co. v State Auto. Mut. Ins. Co., 49 Ohio St 2d 213; Dairyland Ins. Co. v Drum, 568 P2 459 [Col]; see, also, Ann. 69 ALR2d 1122). This reasoning, both logical and equitable, should be adopted here.
Accordingly, the motion and cross motion are granted to the extent only that a declaration will be entered herein decreeing that the loss in excess of that covered by the primary policy issued by Allstate insuring against liability of 111 South Street No. 2 for injuries resulting from an automobile accident shall be shared by all excess insurers in proportion to the limit amounts of insurance issued by each.

 The proviso in question would appear to do no more than say that the policy is excess insurance "not contributory to other collectible insurance available to the insured” except as to other excess insurance effective after liability under the policy has been exhausted. However, in light of the opaque language used, this interpretation is, at best, speculation.