OPINION OF THE COURT
Thomas F. McGowan, J.
On August 4, 1978, David Collins was injured while a pedestrian when he was struck by a vehicle driven by Daniel Dublino. The vehicle Dublino was driving was owned by Ray Laks Buick-Honda (hereinafter referred to as Ray Laks). A suit for general damages was brought against Dublino and Ray Laks by Thomas Collins and his infant *735 son, David. The plaintiffs, alleging that they had sustained “basic economic loss” under section 671 of the Insurance Law, also made a demand of the Travelers Insurance Company (hereinafter Travelers), insurers of Dublino, and of American Hardware Mutual Insurance Company (hereinafter American Hardware), insurers of Ray Laks, for payment of first-party no-fault benefits. Neither Travelers nor American Hardware paid the $35"0 no-fault claim within the required 30-day period. Plaintiffs, in May of 1979, brought suit against the two insurers for the amount of the no-fault claim plus 2% interest per month and reasonable attorney’s fees (see Insurance Law, § 675). On this motion, Travelers seeks summary judgment dismissing this latter cause of action. American Hardware opposes the motion.
The insurance policy issued by Travelers to Daniel Dub-lino provides under “Coverage Q” that the company will pay first-party benefits to an “eligible injured person” to reimburse for “basic economic loss.” An “eligible injured person” is defined as follows:
“(a) the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle; or
“ (b) any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle in the State of New York while not occupying another motor vehicle.”
Under the “Additional Personal Injury Protection Coverage Option (New York)”, an “eligible injured person” is defined in pertinent part as follows: “(c) any other person who sustains personal injury arising out of the use or operation of any other motor vehicle * * * while occupying such other motor vehicle, if such other motor vehicle is being operated by the named insured or any relative.” These policy provisions comply with the minimum requirements as mandated by the New York State Insurance Department pursuant to 11 NYCRR 65.12 and 65.13. Neither the policy provisions nor the applicable regulations require Dublino’s insurance company to pay first-party benefits to a pedestrian injured while the insured is operating another motor vehicle.
*736 American Hardware argues, however, that it is inconsistent for Travelers to escape payment of first-party no-fault benefits where it has properly accepted its policy’s primacy in the general damage action (see Travelers’ policy and 11 NYCRR 60.1 [d]). Pursuant to 11 NYCRR 60.1 (d), liability insurance on a specific vehicle must also cover the individual and his or her spouse while he or she is driving a vehicle used as a replacement or temporary substitute for the insured vehicle or incidentally using another vehicle. Yet neither the Legislature nor the New York State Insurance Department has chosen to create an exception for no-fault similar to the above regulation. Moreover, one of the foremost legislative goals of no-fault is to assure that every auto accident victim will be compensated for his economic loss promptly and without regard to fault (Governor’s Memorandum, NY Legis Ann, 1973, p 298). The victim need not await extensive litigation to determine which if any of the parties he has sued is culpable and in what proportion. Under no-fault, he simply looks to the party indicated by the statute and regulations. If he is a driver or passenger, he files a claim against the insurer of the vehicle he is occupying (11 NYCRR 65.15 [j] [1] [i]). If he is a pedestrian, he looks to the insurer of the vehicle that hit him (11 NYCRR 65.15 [j] [1] [i]). If more than one insurer is responsible for payment under the above rules, the victim seeks payment from the insurer to whom the claim is first presented (11 NYCRR 65.15 [j] [2]). These regulatory provisions, as well as the statutory scheme, encourage prompt payments of first-party benefits irrespective of and apart from any lawsuits brought against culpable parties for noneconomic loss pursuant to subdivision (1) of section 673 of the Insurance Law.
American Hardware further contends that its policy is issued to cover a garage business and not a particular vehicle and that section 672 of the Insurance Law is therefore inapplicable. The statute governing an “owner’s policy of liability insurance” does not require that covered vehicles be specifically identified in such policy (Vehicle and Traffic Law, § 311, subd 5, par [b]). Secondly, nowhere does American Hardware contend that the vehicle driven by Dublino *737 was not “owned” by Ray Laks or that its policy was not a liability policy in compliance with the Motor Vehicle Financial Security Act. In fact, under Form No. 42 of such policy, the “applicable financial responsibility limit” of the policy is defined as the “applicable financial responsibility limit of the financial responsibility law of the state where the automobile is principally garaged.” This phraseology clearly manifests an intent on the part of the insurer to comply with the minimum requirements of article 6 of the Vehicle and Traffic Law.
Pursuant to section 672 (subd 1, par [a]) of the Insurance Law, American Hardware, as the insurer of Ray Laks, owner of the vehicle in question, must provide in its liability policy issued to cover such vehicle “for * * * the payment of first-party benefits to: (a) persons * * * for loss arising out of the use or operation in this state of such motor vehicle”. Although apparently an “owner’s policy of liability insurance” (see Vehicle and Traffic Law, § 311, subd 4), the policy issued by American Hardware to Ray Laks, contains no such provision. The Legislature, however, has provided for such a contingency in section 11 of chapter 13 of the Laws of 1973: “any policy of insurance obtained to satisfy the financial security requirements of articles six and eight of the vehicle and traffic law which does not contain provisions complying with the requirements of article eighteen of the insurance law as added by this act, shall be construed as if the provisions required by such article were embodied therein”. Section 65.12 (a) and (c) of title 11 of the Official Compilation of Codes, Rules and Regulations of the State of New York is to like effect. Even absent the legislative and regulatory provisions, financial security obtained to satisfy the Vehicle and Traffic Law which does not also contain no-fault provisions is contrary to public policy (cf. Rasado v Eveready Ins. Co., 34 NY2d 43).
American Hardware argues, finally, that the “no liability” clause of its policy makes Travelers the primary insurer, not only for the payment of general damages, but also for the payment of first-party benefits, citing Mills v Liberty Mut. Ins. Co. (36 AD2d 445, affd 30 NY2d 546) and Davis v De Frank (33 AD2d 236, affd 27 NY2d 924) in *738 support of its position. In those cases the issue was whether the garageman’s “no liability” policy provision or the driver’s excess insurance policy provision was primary. In each case, the holding was that the excess clause of the driver’s own policy made that policy the prime insurance. These cases, however, were decided before the advent of no-fault and construed only policy provisions relating to liability. Perhaps most importantly, the driver’s insurance policy in each case did in fact, by its terms, provide coverage, although excess, for the accident for which payment was ultimately made.
In the instant case, Travelers’ Mandatory Personal Injury Protection endorsement, covering Dublino and his own vehicle, does not cover, by its terms or otherwise the accident of August 4, 1978, involving David Collins. Although Travelers is obligated to defend and indemnify in the general damage action against its insured, it is not obligated to pay first-party benefits. American Hardware, on the other hand, pursuant to section 672 (subd 1, par [a]) of the Insurance Law, must provide in its policy for the payment of first-party benefits. The policy is construed as if the required statutory and regulatory provisions were contained therein (L 1973, ch 13, § 11; 11 NYCRR 65.12 [a], [c]). The first-party benefit claim of an applicant other than the occupant of another motor vehicle, for an accident arising out of the use or operation of a motor vehicle, must be paid by the insurer of said vehicle (11 NYCRR 65.15 [j] [1] [i]). Accordingly, American Hardware is obligated to pay the first-party benefit claim of plaintiff Collins.
Travelers’ motion for summary judgment is granted. Since third-party defendant, Ray Laks, was brought in by Travelers, the third-party complaint is dismissed as well.