■ ELISSA MOSCA, Plaintiff, v FORD MOTOR CREDIT COMPANY, Appellant-Respondent; SANITOR BUILDING SERVICES, INC., Respondent-Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant Ford Motor Credit Company appeals, and the defendant Sanitor Building Services, Inc. cross-appeals, as limited by their respective notices of appeal and briefs, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered December 3, 1986, as amended April 13, 1987, as held that the defendant Stefani K. Becker was covered under an insurance policy with Integrity Insurance Company up to the primary amount of $10,000.

Ordered that the order, as amended, is affirmed, without costs or disbursements.

The central issue raised on this appeal concerns the extent of insurance coverage, if any, provided by two insurance companies, Integrity Insurance Company (hereinafter Integrity) and Insurance Company of North America (hereinafter INA), for the defendant Becker.

Becker was driving a car leased by the defendant Sanitor Building Services, Inc. (hereinafter Sanitor) from the defendant Ford Motor Credit Company (hereinafter FMCC) when she was involved in a one-car accident in which the plaintiff passenger was injured. Sanitor had secured insurance for the

subject automobile with Integrity prior to the accident. The defendant Becker was 17 years of age and an "undisclosed operator" under that policy. However, she was using the vehicle at the time of the accident with the permission of her father, the president of Sanitor. The policy contained 2 nonliability clauses; 1 excluding from coverage any operators of an insured vehicle under age 25, and the other excluding from coverage operators not disclosed to the company as permissive drivers. The clause pertaining to undisclosed operators provided, however, that if the driver "[h]as no other available Insurance (whether primary, excess or contingent), he or she is an Insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged". The clause with respect to operators under age 25 contained no such additional language, rather it unconditionally excluded from coverage operators under age 25 who were not designated as permissive operators on the Integrity insurance application form.

We initially note that the underage nonliability clause is invalid. The clause unconditionally excluded from coverage, Becker and other drivers under age 25 who operated the insured vehicle with the consent of the named insured, Sanitor. Under Vehicle and Traffic Law § 128, Sanitor was an "owner" of the insured vehicle. As a policy of liability insurance issued to a vehicle owner, the Integrity policy was required, but failed to insure, "any other person using or responsible for the use of * * * [the] motor vehicle * * * with the consent, express or implied" of Sanitor (Vehicle and Traffic Law § 345 [b] [2]). Any attempt to avoid this statutory mandate is invalid.

On the other hand, the clause excluding undisclosed operator from coverage is valid since it provided limited coverage in the event such an operator was otherwise uninsured (see, *Davis v De Frank,* 33 AD2d 236, *affd* 27 NY2d 924).

Sanitor contends that FMCC's insurance policy with INA is Becker's primary insurance policy, and therefore, that Integrity's no liability clause for undisclosed operators should be applied to exclude all coverage for Becker since she had other available insurance. We disagree.

FMCC, as owner of the subject automobile, secured insurance with INA. Its policy with INA, however, was an excess insurance policy for Becker, and not a primary insurance policy. Integrity, as Sanitor's primary insurer, sought to exclude coverage for Becker by virtue of Sanitor's violation of the Integrity policy's nonliability clause for undisclosed driv-

ers. We find, however, that Integrity was Becker's primary insurer. Where one of the policies contains an excess insurance clause, such as the INA policy here, and the other contains a nonliability clause, such as the Integrity policy, liability will be imposed on the insurer issuing the policy containing the nonliability clause, here Integrity. The rationale for this holding is that the INA policy, constituting excess insurance only did not constitute other "available insurance" within the meaning of the nonliability clause of the Integrity policy (see, 16 Couch, Insurance 2d § 62:77, at 543; see also, Michigan Alkali Co. v Bankers Indem. Ins. Co., 103 F2d 345 [2d Cir 1939]; American Home Assur. Co. v Fish, 122 NH 711, 451 A2d 358). The extent of the coverage provided for Becker under the Integrity policy is, however, limited to $10,000 pursuant to the language contained in the nonliability clause for undisclosed operators. It is well accepted that effect must be given "to the parties' private law as reflected in their binding contractual arrangement" (Federal Ins. Co. v Atlantic Natl. Ins. Co., 25 NY2d 71, 77). Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.