■ UTICA MUTUAL INSURANCE COMPANY, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent. [624 NYS2d 485] —Judgment unanimously reversed on the law without costs, cross motion denied, motion granted and judgment granted in accordance with the following Memorandum: On July 7, 1991, lightning struck and damaged an electrical transformer and other property at a school building in the Silver Creek School District (District). At the time of the loss, the District had a policy of insurance covering buildings and personal property with Utica Mutual Insurance Company (Utica Mutual) and a policy of insurance covering boilers and machinery with the Travelers Insurance Company (Travelers). The District submitted a claim under both policies and Travelers disclaimed based upon an exclusion in its policy for losses caused by lightning. Utica Mutual settled the claim without prejudice, and then commenced this declaratory judgment action, seeking a declaration that Travelers was liable for the loss and for judgment over against Travelers. Utica Mutual moved and Travelers cross-moved for summary judgment. Supreme Court granted Travelers' cross motion, declaring that Utica Mutual's policy provides primary coverage. That was error.

The Utica Mutual policy provides coverage for loss to property, not including property "that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect it or not) from that other insurance." That is characterized as an excess clause *(see,* 71 NY Jur 2d, Insurance, § 1894, at 334-335). The Travelers policy covers accidents to an object, defined as, *inter alia,* a "[m]echanical or

[e]lectrical machine or apparatus used for the generation, transmission or utilization of mechanical or electrical power". We agree with the court's conclusion that the Travelers policy more specifically describes the property. The Travelers policy excludes, however, coverage for loss caused by or resulting from lightning "if coverage for that cause of loss is provided by another policy of insurance you have". That is characterized as a nonliability clause (see, 71 NY Jur 2d, Insurance, § 1895, at 339).

The court erred by failing to apply the rule that, when an excess clause and a nonliability clause conflict, the nonliability clause is not given effect (see, Mosca v Ford Motor Credit Co., 150 AD2d 656, 658; Michigan Alkali Co. v Bankers Indem. Ins. Co., 103 F2d 345; 16 Couch, Insurance 2d § 62:77, at 543). The rationale for the rule is that the policy containing the excess clause does not constitute "other available insurance" within the meaning of the nonliability clause (see, Mosca v Ford Motor Credit Co., supra; cf., Davis v De Frank, 33 AD2d 236, 241, affd 27 NY2d 924). Here, Utica Mutual's policy provides only excess coverage and thus cannot be considered "another policy of insurance". We grant judgment in favor of Utica Mutual declaring that the Travelers policy provides primary coverage for the loss at issue. (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.