■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v JOHN DEERE INSURANCE COMPANY et al.,

Appellants. [733 NYS2d 198] —In an action, *inter alia,* for a judgment declaring that the defendant John Deere Insurance Company is required to defend and indemnify its insured, Gloria Kandel, in an underlying personal injury action entitled *Montanaro v Kandel,* pending in the Supreme Court, Queens County, under Index No. 003697/98, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Ort, J.), dated March 22, 2000, which, upon denying their motion for summary judgment dismissing the complaint, was in favor of the plaintiff and against them.

Ordered that the order and judgment is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and it is declared that John Deere Insurance Company is not required to defend or indemnify Gloria Kandel in the underlying action.

The defendant Gentile Auto Repair, Inc. (hereinafter Gentile), a used car dealership, procured a garage liability policy from the defendant John Deere Insurance Company (hereinafter John Deere) which, *inter alia,* covered its automobiles. The policy provided coverage in excess of the statutory minimum for Gentile, as the named insured. Insofar as relevant to this appeal, the policy defined an "insured" as follows:

"1. WHO IS AN INSURED

"a. The following are 'insureds' for covered 'autos.'

"(1) You for any covered 'auto'.

"(2) Anyone else while using with your permission a covered 'auto' you own, hire or borrow *except* * * *

"(d) Your customers, if your business is shown in the Declarations as an 'auto' dealership. However, if a customer of yours:

"(i) Has no other available insurance (whether primary, excess or contingent), they are an 'insured' but only up to the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged.

"(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged, they are an 'insured' only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance" (emphasis supplied).

On April 30, 1997, Gloria Kandel considered purchasing a vehicle owned by Gentile and, with Gentile's permission, drove the vehicle to a mechanic. While driving the vehicle, Kandel allegedly struck a pedestrian. At the time, she was insured under

an automobile policy issued by State Farm Mutual Automobile Insurance Company (hereinafter State Farm), which provided the statutory minimum coverage of $25,000/$50,000. The State Farm policy included a provision that its coverage was excess to other insurance available for a temporary, substitute car.

The pedestrian subsequently commenced the underlying action against Kandel and Gentile, and Kandel demanded that John Deere defend and indemnify her in that action. John Deere disclaimed coverage on the ground that Kandel was insured by State Farm and therefore did not fall within the definition of "an insured" under its policy with Gentile. State Farm then commenced the action at bar, seeking, *inter alia*, a declaration that John Deere is required to defend and indemnify Kandel in the underlying personal injury action, and that John Deere's coverage is primary. John Deere, which is providing coverage for Gentile in the underlying personal injury action, counterclaimed against State Farm for any liability imposed on Gentile pursuant to Vehicle and Traffic Law § 388 due to Kandel's negligence.

State Farm contends that John Deere's exclusion of coverage for a customer violates public policy. It contends that, pursuant to Vehicle and Traffic Law § 388 and insurance regulation 11 NYCRR 60-1.1 (c), an owner of a vehicle is required to provide primary insurance coverage up to the statutory minimum amount for any permissive user of the owner's vehicle. However, the Court of Appeals has held that the "no liability" clause in a garage liability policy such as that at issue here does not violate New York law or public policy and does not provide coverage to an insured driver (*see, Mills v Liberty Mut. Ins. Co.,* 36 AD2d 445, *affd* 30 NY2d 546; *Davis v De Frank,* 33 AD2d 236, *affd* 27 NY2d 924). In its decision in *Mills v Liberty Mut. Ins. Co.* (*supra,* at 447), the Appellate Division, Fourth Department, noted that the briefs submitted by insurers to the Court of Appeals in *Davis v De Frank* (*supra*) "argued at length the invalidity of the 'no liability' clause, based upon the same contentions urged before us—viz., that the clause violates the Superintendent of Insurance's regulation 35-A (11 NYCRR 60.1 [c]) and the public policy of this State. Nevertheless, the Court of Appeals affirmed the decision of this Court without opinion (27 N Y 2d 924)." In view of the determination of the Court of Appeals, John Deere is entitled to a declaration that it is not required to defend or indemnify Gloria Kandel.

The decision in *ELRAC, Inc. v Ward* (96 NY2d 58), does not require a different result. In that case, the Court of Appeals was concerned with the obligations of a self-insured rental car

company under Vehicle and Traffic Law §§ 370 and 388 to provide primary coverage for its renters and to meet its financial obligation, as the owner of the vehicle, to pay any damages caused by a renter. The rental car company, in its application for a certificate of self insurance, had averred that it would provide primary coverage at all times. The Court of Appeals held that the company was therefore precluded from shifting to renters its obligation as the owner to provide the statutory minimum insurance to an injured third party. The question of whether the rationale in *ELRAC, Inc. v Ward* (*supra*) should be extended to auto dealerships, and its own precedents overruled, is better left to the Court of Appeals.

State Farm's contention that John Deere must, in any event, provide coverage because it failed to timely disclaim is without merit. An insurer has no obligation to timely disclaim in situations where, as here, coverage does not exist under the terms of the policy (*see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of State Farm Mut. Ins. Co. v Vazquez,* 249 AD2d 312).

Accordingly, the judgment is reversed, and it is declared that John Deere is not obligated to defend and indemnify Gloria Kandel in the underlying action. O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.