[756 NYS2d 682]

Louis Kipper et al., Respondents, v Universal Underwriters
Group, Appellant, et al., Defendants.

Fourth Department, March 21, 2003

**APPEARANCES OF COUNSEL**

*Walsh & Wilkins*, Buffalo (*Nicole A. Heary* of counsel), for
appellant.

*Sugarman Law Firm, LLP*, Syracuse (*Sandra L. Holihan* of counsel), for respondents.

OPINION OF THE COURT

HAYES, J.

Plaintiffs commenced this action seeking, inter alia, a declaration that defendant Universal Underwriters Group (Universal) must assume the defense for plaintiff Louis Kipper in the underlying negligence action against him and provide primary coverage for him. Kipper was involved in an automobile accident while test-driving an automobile owned by defendant N.J. Curry Oldsmobile, Inc. (Oldsmobile), with Oldsmobile's permission. The automobile being driven by Kipper struck defendant Michael Zumpano, an employee of Oldsmobile, who then commenced the underlying negligence action against Kipper. Oldsmobile was insured under a policy issued by Universal, and Kipper was insured under a policy issued by plaintiff Peerless Insurance Company (Peerless). Universal and Oldsmobile moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for declaratory relief. Supreme Court denied the motion and granted the cross motion, declaring, inter alia, that Universal must assume the defense for Kipper in the underlying action and provide primary coverage for him. The issue before us on this appeal is whether Universal, which contends that it has a no liability clause in its policy, should be the primary insurer over Peerless, which has an excess clause in its policy. We agree with the court that Universal is the primary insurer in this case and therefore conclude that the amended judgment should be affirmed.

The Universal policy provides coverage for damages based on injuries "caused by an OCCURRENCE arising out of * * * [an] AUTO HAZARD." "AUTO HAZARD" is defined to include the use of an automobile owned by or in the care, custody or control of Oldsmobile and "furnished for the use of any person or organization." With respect to "AUTO HAZARD," the Universal policy defines "WHO IS AN INSURED" as, inter alia, " (4) [a]ny other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission." Finally, the Universal policy contains what Universal terms a no liability clause in a section entitled "THE MOST WE WILL PAY." That section provides in relevant part:

"With respect to the AUTO HAZARD part (4) of WHO

IS AN INSURED, the most WE will pay is that portion of such limit needed to comply with the minimum limits provision law in the jurisdiction where the OCCURRENCE took place. When there is other insurance applicable, WE will pay only the amount needed to comply with such minimum limits after such other insurance has been exhausted."

The Peerless policy provides coverage for damages based on injuries and property damage for which any insured becomes legally responsible because of an automobile accident. The excess, or "OTHER INSURANCE," clause in the Peerless policy provides:

"If there is other applicable insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance, including physical damage insurance provided under this or any other policy."

Universal contends that its policy does not provide insurance coverage for Kipper because its no liability clause is enforceable and that Peerless is the primary insurer by virtue of the excess clause in the Peerless policy. On the other hand, Kipper and Peerless contend that Universal's policy does not in fact contain a no liability clause and that Universal therefore is the primary insurer. While we agree with Universal that its policy does contain a no liability clause, we conclude that the no 'liability clause is not given effect and that Universal therefore is the primary insurer.

Insurance policies may contain various limiting clauses with labels such as "pro-rata" clauses, "excess" or "other insurance" clauses, and "no liability" or "escape" clauses (see generally State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369, 373 [1985]). In determining which insurance carrier should be held primarily liable, or indeed whether each insurance carrier must "contribute ratably in such proportion as its policy limit bears to the total of all policy limits," the precise language of the limiting clauses in the policies must be examined (id. at 374). In addition, there are different rules for apportioning liability between insurance carriers, depending on the types of limiting clauses in the policies (see id. at 373-374).

At the time of the accident, Kipper was operating an automobile that he did not own. Thus, under the excess clause

of the Peerless policy, the coverage provided by Peerless for Kipper, its insured, is excess over any other collectible insurance. Kipper and Peerless contend that the Universal policy does not contain a no liability clause because the alleged no liability clause merely defines the dollar limits of the coverage provided. We reject that contention, and conclude that the Universal policy in fact contains a no liability clause. The effect of that clause in the Universal policy is to avoid liability for damages unless to do so would be contrary to the governing statutes. The Universal policy covers only those insureds with other applicable insurance whose insurance does not meet the minimum statutory limits and, with respect to those insureds, Universal would pay only that amount needed for statutory compliance. If, however, an insured has applicable insurance that meets the minimum statutory limits, Universal would not pay anything and would avoid liability.

In cases in which one insurance policy has a no liability clause and the other insurance policy has an excess clause, the general rule is that the no liability clause is not given effect (*see Utica Mut. Ins. Co. v Travelers Ins. Co.,* 213 AD2d 983, 984 [1995]; *Mosca v Ford Motor Credit Co.,* 150 AD2d 656, 658 [1989]; 71 NY Jur 2d, Insurance § 2169; 15 Couch on Insurance 3d §§ 219:36, 219:53; *see also Michigan Alkali Co. v Bankers Indem. Ins. Co.,* 103 F2d 345, 347 [1939]). "The rationale for the [general] rule is that the policy containing the excess clause does not constitute 'other available insurance' [here, referred to as other 'applicable' insurance] within the meaning of the [no liability] clause" (*Utica Mut. Ins. Co.,* 213 AD2d at 984; *see Mosca,* 150 AD2d at 658; 71 NY Jur 2d, Insurance § 2169; 15 Couch on Insurance 3d § 219:53). An exception to the general rule arises when the no liability clause expressly provides that "other available insurance" includes both primary and excess insurance coverage. In that case, the no liability clause is given effect and the excess insurance carrier is the primary carrier (*see Davis v De Frank,* 33 AD2d 236 [1970], *affd* 27 NY2d 924 [1970]; *see also Mills v Liberty Mut. Ins. Co.,* 36 AD2d 445 [1971], *affd* 30 NY2d 546 [1972]; *State Farm Mut. Auto. Ins. Co. v John Deere Ins. Co.,* 288 AD2d 294, 296 [2001]; 71 NY Jur 2d, Insurance § 2169).

Here, the no liability clause in the Universal policy is subject to the general rule set forth herein, i.e., that the insurance carrier with the policy containing the no liability clause is the primary carrier when there is a no liability clause in one policy and an excess clause in another policy. Pursuant to the no li-

ability clause in the Universal policy, Universal would pay only the amount needed to comply with the minimum limits set by law "[w]hen there is other insurance applicable." The no liability clause does not define "other insurance applicable" to include both primary and excess insurance and thus that clause does not fall within the exception to the general rule. Universal relies on *Davis* and *Mills* in support of its contention that the no liability clause in its policy should be given effect and thus that Peerless should have primary liability. Those cases, however, fall within the exception to the general rule based on the specific language of the no liability clauses therein. In both *Davis* (33 AD2d at 239) and *Mills* (36 AD2d at 446), the no liability clauses at issue provided in relevant part that any person using the automobile with the insured's permission was covered under the policy only if there was no other valid and collectible automobile liability insurance, *either primary or excess.*

In this case, the no liability clause merely refers to "other insurance applicable" without specifying that such other insurance includes excess insurance. Without that specific language, the "other insurance applicable" will not be deemed to include both primary and excess insurance (*see Utica Mut. Ins. Co.,* 213 AD2d at 984; *Michigan Alkali Co.,* 103 F2d at 346-347). In *Michigan Alkali Co.* (103 F2d at 347), the defendant's policy included a no liability clause that excluded liability for a person with valid and collectible insurance, while the other insurance policy at issue had an excess clause. The Second Circuit held that the defendant was liable because the term "collectible insurance" did not include excess insurance (*see id.*). In *Davis* (33 AD2d at 241), this Court distinguished *Michigan Alkali Co.* by determining that the holding therein "turned on the exact wording of the no liability clause." We determined in *Davis* (33 AD2d at 241) that the no liability clause in *Davis* was different from that in *Michigan Alkali Co.* because the clause in *Davis* "provides that the policy will cover others only if there is no other valid and collectible insurance, *either primary or excess.* This additional phrase dictates a different construction of the contracts."

Because the no liability clause in the Universal policy does not specify that "other insurance applicable" includes excess insurance, the no liability clause is not given effect. Universal's policy is thus the primary policy, and Universal must pay up to the limits of the policy before the Peerless coverage becomes effective (*see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.,* 92

NY2d 682, 687 [1999]). Universal, as the primary insurer, must assume the defense of Kipper (*see General Acc. Fire & Life Assur. Corp. v Piazza,* 4 NY2d 659, 669 [1958]; *Firemen's Ins. Co. of Washington, D.C. v Federal Ins. Co.,* 233 AD2d 193 [1996], *lv denied* 90 NY2d 803 [1997]). Accordingly, we conclude that the amended judgment should be affirmed.

GREEN, J.P., HURLBUTT, BURNS and GORSKI, JJ., concur.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously affirmed without costs.