PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent, v HARCO NATIONAL INSURANCE COMPANY et al., Appellants, et al., Defendants. [895 NYS2d 611]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered January 16, 2009 in a declaratory judgment action. The judgment, inter alia, granted the motion of plaintiff for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the declarations are vacated, the cross motion is granted,

and judgment is granted in favor of defendants HARCO National Insurance Company and Burdick Pontiac-GMC as follows:

It is adjudged and declared that plaintiff is obligated to provide primary coverage to defend and indemnify defendants Jason Webb and Justin Webb in the underlying action, and

It is further adjudged and declared that defendant HARCO National Insurance Company is not obligated to defend or indemnify defendants Jason Webb or Justin Webb in the underlying action.

Memorandum: Defendant Jason Webb borrowed a loaner vehicle from defendant Burdick Pontiac-GMC (Burdick) while his own vehicle was being repaired by the car dealership. His son, defendant Justin Webb (collectively, Webb defendants), was driving the loaner vehicle when he collided with a vehicle operated by Andrea Walker. Walker thereafter commenced the underlying action against Justin Webb and Burdick seeking damages for injuries that she allegedly sustained in the accident.

The loaner vehicle was insured under a garage liability policy issued to Burdick by defendant HARCO National Insurance Company (HARCO), and the Webb defendants were insured under a family motor vehicle policy issued by plaintiff, Progressive Casualty Insurance Company (Progressive). The HARCO policy contained what is commonly known as a "no liability clause," which provided coverage to a customer of its insured only if the customer "[h]as no other available insurance (whether primary, excess or contingent)" or "[h]as other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged." The Progressive policy contained an "excess" clause, which stated that any insurance provided for a vehicle, other than a covered vehicle, "will be excess over any other valid and collectible insurance."

Progressive commenced this action seeking a declaration that HARCO is obligated to provide primary coverage to defend and indemnify the Webb defendants in the underlying action, and HARCO asserted a counterclaim seeking a declaration that Progressive is the primary insurance carrier for the Webb defendants and thus is obligated to defend and indemnify them to the limits of its policy. We conclude that Supreme Court erred in granting the motion of Progressive for summary judgment declaring that HARCO is obligated to provide primary coverage and that any insurance coverage available to the Webb defendants from Progressive is excess coverage. Rather, the court should have granted the cross motion of HARCO and Burdick

for summary judgment declaring that Progressive is the primary insurer and that HARCO is not obligated to defend or indemnify the Webb defendants in the underlying action.

We agree with HARCO and Burdick that the Webb defendants are excluded from coverage pursuant to the express terms of the HARCO policy. Under the HARCO policy, a customer is excluded from the definition of an "insured" unless the customer possesses insufficient insurance to meet the minimum requirements set forth in New York's financial responsibility laws. In granting the motion of Progressive, the court relied on the general rule that "[i]n cases in which one insurance policy has a no liability clause and the other insurance policy has an excess clause, . . . the no liability clause is not given effect" (*Kipper v Universal Underwriters Group*, 304 AD2d 62, 65 [2003]; *see Utica Mut. Ins. Co. v Travelers Ins. Co.*, 213 AD2d 983, 984 [1995]). That was error, inasmuch as "[a]n exception to the general rule arises [where, as here,] the no liability clause expressly provides that 'other available insurance' includes both primary and excess insurance coverage. In that case, the no liability clause is given effect and the excess insurance carrier is the primary carrier" (*Kipper*, 304 AD2d at 65; *see Mills v Liberty Mut. Ins. Co.*, 36 AD2d 445 [1971], *affd* 30 NY2d 546 [1972]; *Davis v De Frank*, 33 AD2d 236, 241 [1970], *affd* 27 NY2d 924 [1970]). Here, the HARCO policy specifically provides that "other available insurance" includes "primary, *excess* or contingent insurance" (emphasis added), and it is undisputed that the liability limits contained in the Progressive policy exceed the minimum statutory requirements. Thus, the exception to the general rule applies, the no liability clause contained in the HARCO policy is given effect, and Progressive is the primary insurer for the Webb defendants (*see Davis*, 33 AD2d at 241).

There is no merit to Progressive's alternative contention that the "Other Insurance" clause set forth in the HARCO policy renders HARCO liable for coverage in this case. Contrary to the contention of Progressive, that clause does not in fact render HARCO liable to provide insurance coverage with respect to all vehicles owned by Burdick. Rather, it simply clarifies that, where coverage exists under the substantive provisions of the HARCO policy, coverage is primary with respect to all vehicles owned by Burdick and excess with respect to nonowned vehicles.

Finally, because the HARCO policy does not provide coverage for the Webb defendants, there is no merit to Progressive's contention that HARCO had a duty to provide a timely disclaimer for the subject accident (*see State Farm Mut. Auto.*

*Ins. Co. v John Deere Ins. Co.*, 288 AD2d 294, 297 [2001]). Thus, even assuming, arguendo, that the written disclaimer provided by HARCO was insufficient, we conclude that "the failure to disclaim coverage does not create coverage which the policy was not written to provide" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 134 [1982]).

We thus conclude that the Progressive policy provides primary coverage for the subject accident and that HARCO is not obligated to defend or indemnify the Webb defendants in the underlying action. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.