■ JAMES HUNT, Doing Business as HUNT'S QUALITY PEST CONTROL, Appellant, v GALAXY INSURANCE COMPANY et al., Respondents. [636 NYS2d 194] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keniry, J.), entered July 14, 1994 in Saratoga County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff seeks a declaration that one or both of defendant insurance companies is obligated to defend and indemnify him in connection with a property damage lawsuit commenced against him, by James Doyle and Cynthia Doyle, in December 1989, at which time he was insured under a general liability policy issued by defendant Galaxy Insurance Company. The Doyles' complaint charges plaintiff, who is engaged in the pest control business, with negligence and breach of contract stemming from certain inspection and extermination services performed in 1987 and 1988. During those years, plaintiff was covered under policies issued by defendant Homestead Insurance Company.

Each of the insurance policies at issue is a "claims made" policy, and each basically provides defense and indemnity coverage for any claim made against the insured during the policy period, if the claim also arises from an "occurrence" that took place within that period. In addition, the Homestead policies, insuring plaintiff from February 27, 1987 through April 30, 1989, each furnish coverage, during an "extended reporting period", for certain claims that are actually made after the policy expires. The Galaxy policy in effect in December 1989, when suit was actually commenced against plaintiff, also covers claims stemming from acts and omissions that occurred up to one year prior to the start of the policy period, under certain circumstances.

Plaintiff avers that the "occurrence" giving rise to the Doyles' lawsuit—and which forms the basis for his claimed entitlement to insurance coverage—is a reinfestation and "swarming" of termites, discerned in April 1988, that he treated, apparently unsuccessfully, on April 25, 1988. Plaintiff was first notified of the Doyles' dissatisfaction with his work on July 29, 1988, via a letter from their attorney, and purportedly notified Homestead's agent of this communication by telephone a week later. Upon receiving notice that a lawsuit had been commenced almost a year and a half later, Homestead initially

told plaintiff that it would provide a defense. Later, however, both defendants disclaimed coverage and refused to defend or indemnify him.

Plaintiff then brought this declaratory judgment action asserting his right to coverage. After issue was joined defendants moved for summary judgment, urging that the plain, unambiguous language of the policies at issue demonstrates that plaintiff is not entitled to the relief he seeks. Plaintiff, in turn, cross-moved for summary judgment against Homestead. Supreme Court found defendants' arguments convincing and dismissed the complaint, prompting this appeal by plaintiff.

Although no claim was made against plaintiff during the same policy period in which the termite infestation occurred (the policy then in effect expired on April 30, 1988), it is necessary to assess whether coverage is otherwise provided. To this end, three policies must be considered: the Homestead policy in effect in April 1988, when the underlying exterminating activity was performed (policy 0404); the Homestead policy in effect in July 1988, when plaintiff assertedly gave Homestead notice by telephone of the claim, or potential claim, against him (policy 0410); and the Galaxy policy in effect in December 1989, when the Doyle complaint was filed and served on plaintiff (policy 0907).

Regardless of whether the claim is found to have been interposed in July 1988, when plaintiff received the letter apprising him of the Doyles' displeasure, or in December 1989, when suit was brought, plaintiff did not take the steps necessary to preserve his right to coverage under the Homestead policies. If the claim is considered to have been first made in December 1989, it would have been made after these policies expired. The only means by which plaintiff could have obtained coverage thereunder would have been to trigger the "extended reporting period" outlined in section V of policy 0404 (the policy under which he was covered at the time of the underlying "occurrence") by notifying the company of that "occurrence" within 60 days of April 30, 1988, when the policy period ended, or by giving written notice by registered mail during the policy period, as provided by endorsement 87-07. This he did not do; no contact was made with Homestead, or its alleged agent, until August 5, 1988.

And, if the July 29, 1988 letter is considered plaintiff's first notification of a "claim"—as he maintains it should be—his failure to furnish Homestead with timely notice of that claim, without any valid excuse, vitiates that company's obligation to provide coverage (*see, Structure Tone v Zurich Ins. Co.*, 193

AD2d 554; *Republic N. Y. Corp. v American Home Assur. Co.*, 125 AD2d 247, 248), for the Homestead policies each incorporate a requirement that the insured notify the company of a claim, in writing "as soon as practicable" after it is received. Plaintiff's alleged telephonic contact with his agent does not satisfy this requirement (*see, Elkowitz v Farm Family Mut. Ins. Co.*, 180 AD2d 711, 712; *Allstate Ins. Co. v Furman*, 84 AD2d 29, 31, *affd* 58 NY2d 613), and it is undisputed that he did not provide the necessary *written* notice until December 1989, 17 months after he received the letter in question.

Nor does Galaxy policy 0907 confer coverage. Although the Doyles' suit was commenced when that policy was in effect, the policy explicitly states that coverage is not afforded for claims stemming from "occurrences" that took place prior to October 30, 1988, one year before the start of the policy period. Because, as plaintiff concedes, the activity generating that lawsuit happened, at the latest, on April 25, 1988, this policy does not apply.

The remainder of plaintiff's contentions are meritless. His contention that Homestead is estopped from denying coverage is unpersuasive, for the record indicates that he has not been prejudiced in his defense of the action, or otherwise suffered any detriment, as a result of his reliance on Homestead's initial representation that it would provide a defense (*see, Schiff Assocs. v Flack*, 51 NY2d 692, 699; *Touchette Corp. v Merchants Mut. Ins. Co.*, 76 AD2d 7, 12), and, as defendants point out, Insurance Law § 3420 is not applicable here (*see, Corcoran v Abbot Sommers*, 143 AD2d 874, 876). Lastly, we reject plaintiff's suggestion that defendants have not met their burden of establishing their right to judgment, for it is the documentary evidence, the insurance policies themselves, and not, as plaintiff proposes, the averments by defendants' attorneys, upon which the judgment herein is founded (*cf., Dryden Cent. School Dist. v Dryden Aquatic Racing Team*, 195 AD2d 790, 793).

Mikoll, J. P., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.