■ FIRST CITY ACCEPTANCE CORPORATION, Appellant, v GULF INSURANCE COMPANY, Respondent, et al., Defendants. (And a Third-Party Action.) (Action No. 1.) GULF INSURANCE COMPANY, Respondent, v FIRST CITY ACCEPTANCE CORPORATION, Appellant, et al., Defendant. (Action No. 2.) [665 NYS2d 114] —Mikoll, J. Appeals from two orders of the Supreme Court (Teresi, J.), entered July 22, 1996 in Albany County, which, *inter alia*, granted a motion by Gulf Insurance Company for summary judgment dismissing the second amended complaint in action No. 1 and made a declaration in its favor.

On September 30, 1992, a Corvette automobile leased and driven by Shawn W. Spring, Jr. swerved into the right-hand lane on a public road in Albany County and collided with an automobile operated by Elizabeth L. Aviza. Aviza sustained serious injuries as a result of the accident. Spring was treated for head injuries and released.

Spring had leased the Corvette from First City Acceptance Corporation, a Massachusetts company. Spring's vehicle was insured by State Farm Mutual Automobile Insurance Company under a $300,000 liability policy. Gulf Insurance Company had issued a policy to First City providing excess coverage in cases where the damage in an accident exceeded the liability limits of the lessee's coverage. Aviza sued Spring and First City claiming $2,000,000 in damages. State Farm's law firm defended Spring in the action. State Farm and First City investigated the matter and, thereafter, State Farm and its attorneys settled the Aviza claim for $600,000. Aviza released all claims against Spring and First City by stipulation signed October 31, 1994.

First City then filed a claim with Gulf under its business automobile policy covering damage amounts in excess of that required by the lease agreement and gave verbal notice of the claim to Gulf's insurance agent. Gulf asserted that the notice was never submitted to it and disclaimed coverage for lack of notice under its contingent excess liability policy. Gulf also

reserved its rights under the policy and executed an agreement with First City in which it consented to the reasonableness of the settlement amount.

First City, on receiving notice of Gulf's disclaimer, commenced action No. 1 against Gulf, Aviza and Spring requesting, *inter alia,* a declaration that Gulf was obligated to furnish First City with excess indemnity coverage. Gulf then commenced action No. 2 against First City and Spring for, *inter alia,* a declaration that Gulf was not required to indemnify First City under the contingent excess liability policy because First City did not give Gulf proper written notice of the accident. Gulf also commenced a third-party action against State Farm and its law firm. Supreme Court ordered joinder of the two actions pursuant to stipulation of the parties.

Subsequently, First City moved for partial summary judgment requesting, *inter alia,* dismissal of Gulf's complaint (in action No. 2) and a declaration (in action No. 1) that Gulf was required to provide First City with excess liability coverage in the Aviza action. Gulf moved for summary judgment, *inter alia,* declaring that it was not obliged to defend or indemnify First City in the Aviza action. Supreme Court, in its decision, applied a "grouping of contacts" analysis and found that New York law was the applicable law since First City not only instituted its action in New York but the accident occurred in New York. The court granted Gulf's motion for summary judgment and denied First City's motion for similar relief.

Supreme Court also held that First City did not give immediate notice of the occurrence and, accordingly, did not satisfy the requirements of the excess liability coverage policy. The court further found that First City did not furnish a reasonable excuse for its failure to promptly notify Gulf. Additionally, in a second order supplemental to its original order Supreme Court declared that Gulf was not required to provide coverage to First City. These appeals ensued.

There should be an affirmance.

We are not persuaded by First City's argument that Supreme Court should have applied Massachusetts law to this coverage question because, *inter alia,* First City purchased the policy in Massachusetts, the agent who sold the policy and First City maintain their principle places of business in that State, and the policy was also delivered there. Although traditional choice of law principles would require that, in a contract dispute, the law of the place where the contract was made controls, we find the concept inappropriate under the instant circumstances (*see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins.*

*Co.]*, 81 NY2d 219, 225). The Court of Appeals has adopted a more flexible approach, the grouping of contacts test, which allows a court to "consider State interests to determine whether to apply New York law" (*id.*, at 227).

Here, Supreme Court correctly applied New York law. Although the underlying issue is one of contract interpretation, New York has the strongest interest in the resolution of this dispute. The accident occurred in New York, the parties to the accident are New York residents, the Aviza personal injury action was commenced and settled in New York (*see, e.g., Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 317) and, importantly, First City chose to commence its action against Gulf in this State, indicating New York's paramount interest in the matter (*see, Borg-Warner Corp. v Insurance Co.*, 174 AD2d 24, 29, *lv denied* 80 NY2d 753).

We reject First City's contention that it presented a reasonable excuse for the delay in giving notice of the Aviza action to Gulf and, therefore, Gulf cannot be allowed to disclaim coverage. First City claims that its notice to the selling insurance agent should have been deemed notice to Gulf of the action as most insureds do not deal directly with the insurance carrier. The law is settled that "an insurance carrier may disclaim coverage under an insurance contract where an insured fails to provide notice of a potential claim as soon as practicable" (*Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795, 796). Verbal "telephonic notice" to the selling agent of an insurance policy does not constitute the requisite notification in writing (*see, Hunt v Galaxy Ins. Co.*, 223 AD2d 821, 823). Thus, First City's failure to give timely notice is not excusable.

First City's further argument that Gulf's disclaimer of coverage is invalid even under New York law and that, in order for its disclaimer to be valid, Gulf had to show that it was prejudiced by First City's delay in giving notice is without merit. Gulf's disclaimer of coverage is valid. Gulf's disclaimer letter disclosed that Gulf did not receive notice of the accident or First City's pending claim until May 17, 1994, about 20 months after the accident. It cited the lack of written notice and asserted prejudice in that it was "deprived of its right to investigate, obtain a separate defense, pursue the contract rights afforded under the lease and participat[e] in the defense and conclusion of the captioned matter". We deem the disclaimer to be valid.

First City's claim that the Gulf disclaimer is defective because it cited the wrong policy number lacks merit. First City had two policies with Gulf both of which were relevant to

this matter. At no time did First City provide timely written notice of a claim under either policy and, as First City was not specific in making its claim, Gulf should not be penalized for disclaiming under only one policy.

Moreover, Gulf was not required to demonstrate actual prejudice in order to disclaim coverage for late or defective notice. The notice provision for a primary carrier "operates as a condition precedent and * * * the insurer need not show prejudice to rely on the defense of late notice" (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581; *see, Power Auth. v Westinghouse Elec. Corp.*, 117 AD2d 336, 339). This New York "no prejudice" rule is a limited exception to established rules of contract law (*Unigard Sec. Ins. Co. v North Riv. Ins. Co., supra*, at 581).

We note that this Court may not view Gulf as a reinsurer and require it to provide actual proof of prejudice for the disclaimer to be valid as First City urges, citing to *American Home Assur. Co. v International Ins. Co.* (219 AD2d 143, *revd* 90 NY2d 433). The holding in *American Home* that excess carriers were not entitled to the same protection as primary insurers has been reversed by the Court of Appeals (*American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, *supra*).

First City's claim that it is entitled to prejudgment interest fails because it never complied with the written notice provisions of the policies and consequently was in breach of the contract and could not qualify under the New York statute (*see, Varda, Inc. v Insurance Co.*, 45 F3d 634, 640; *see also*, Insurance Law § 3407 [a]).

First City's contention that Massachusetts law applies to this case and, under the General Laws of Massachusetts (ch 93A, § 11), Gulf's deceptive and unfair practices in disclaiming coverage entitled First City to maintain a cause of action for damages resulting from the failure to indemnify is without merit.

We also reject First City's contention that since Gulf did not notify the injured person, Aviza, of its disclaimer, it could not properly be found to have disclaimed coverage under Insurance Law § 3420 (d). This provision of law applies by its terms only where an insurance liability policy is delivered or issued for delivery in New York and, admittedly, the policy in question was issued and delivered in Massachusetts. Accordingly, Supreme Court correctly granted Gulf's motion and properly declared that Gulf was not obliged to provide coverage to First City.

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.