[705 NYS2d 67]

Aᴍᴇʀɪᴄᴀɴ Rᴇғ-Fᴜᴇʟ Cᴏᴍᴘᴀɴʏ ᴏғ Hᴇᴍᴘsᴛᴇᴀᴅ, Respondent-Appellant, v Eᴍᴘʟᴏʏᴇʀs Iɴsᴜʀᴀɴᴄᴇ Cᴏᴍᴘᴀɴʏ ᴏғ Wᴀᴜsᴀᴜ, Appellant-Respondent.

Second Department, March 27, 2000

50

### APPEARANCES OF COUNSEL

*Furey & Furey, P. C.,* Hempstead (*James M. Furey, Sr.,* of counsel), for respondent-appellant.

*McElroy, Deutsch & Mulvaney,* New York City (*Kevin T. Coughlin, Justin N. Kinney* and *Kristin V. Gallagher* of counsel), for appellant-respondent.

### OPINION OF THE COURT

GOLDSTEIN, J.

The primary issue here is the applicability of Insurance Law § 3420 (d), requiring a timely notice of disclaimer.

The plaintiff, American Ref-Fuel Company of Hempstead, operated the municipal incinerator for the Town of Hempstead. The defendant, Employers Insurance Company of Wausau (hereinafter Wausau), with a home office in Wausau, Wisconsin, delivered two insurance policies to the plaintiff's parent corporation in Houston, Texas, for the policy period of January 1, 1995 until January 1, 1996. One policy was a commercial general liability policy, and the other policy a commercial umbrella liability policy. Each policy listed, as a named insured, American Ref-Fuel Company of Hempstead, located in Westbury, New York. The commercial general liability policy covered bodily injury or property damage in the policy period caused by an "occurrence." "Occurrence" was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The umbrella policy covered "those sums that the insured becomes legally obligated to pay as damages in excess of the 'underlying limit'" of the primary policy. Each policy contained a "pollution exclusion."

The underlying action was brought by an employee of the Town of Brookhaven who was required to work in a portion of the Town of Brookhaven landfill that was used as a depository for, among other things, ash produced from the municipal incinerator operated by the plaintiff. The employee alleged that he sustained bodily injury from the plaintiff's allegedly

negligent processing of the ash. He claimed that the plaintiff failed to add sufficient moisture to the ash, allowing it to become "airborne in or about the area" where he was required to work. He sued both the plaintiff and the Town of Hempstead.

The Town of Hempstead was an additional insured by virtue of a provision providing coverage for any organization "for which [the plaintiff] agreed by written contract to procure bodily injury or property damage liability insurance, but only for liability arising out of operations performed by you or on your behalf." It is alleged that the Town of Hempstead transported the offending material from its municipal landfill to the Town of Brookhaven incinerator.

The defendant claims, *inter alia*, that the two insurance policies in issue do not cover the personal injuries sustained by the claimant in the underlying action, based upon the "pollution exclusion" in each policy. The defendant also claims that the policies do not cover the liability of the Town of Hempstead, because any liability incurred by the Town of Hempstead did not arise out of the operations performed by the plaintiff or on the plaintiff's behalf. The plaintiff claims, *inter alia*, that the defendant failed to timely disclaim coverage pursuant to Insurance Law § 3420 (d).

The failure to timely disclaim coverage pursuant to Insurance Law § 3420 (d) cannot create insurance which was never in effect (*see, Zappone v Home Ins. Co.,* 55 NY2d 131, 137-138), or which "could not have covered the liability in question under any circumstances" (*Zappone v Home Ins. Co., supra,* at 134). For example, an automobile insurance carrier's denial of coverage "premised on the fact or founded belief that the alleged injury" did not arise from an automobile accident is not governed by Insurance Law § 3420 (d) (*see, Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195, 199).

However, where the insurance policy in question would otherwise cover the particular occurrence, but for an exclusion in the policy, Insurance Law § 3420 (d) mandates that, under certain circumstances, the insurance carrier give written notice as soon as reasonably possible of the denial of liability predicated upon the exclusion (*see, Zappone v Home Ins. Co., supra; Merchants Mut. Ins. Co. v Allcity Ins. Co.,* 245 AD2d 590; *United Servs. Auto. Assn. v Meier,* 89 AD2d 998, 999; *Kenyon v Security Ins. Co.,* 163 Misc 2d 991, 995, *affd* 206 AD2d 980).

Insurance Law § 3420 (d) applies to coverage in a policy delivered or issued for delivery in this State for death or bodily

injury arising out of an accident occurring within this State. This provision first appeared in 1958, as an amendment to former Insurance Law § 167 (1), which set forth mandatory provisions for policies "issued or delivered in this [S]tate" insuring liability for personal injuries or property damages (*see*, L 1958, ch 759, § 3; L 1939, ch 882). As originally enacted, it applied not only to liability for accidents occurring in this State, but to any liability under a policy "issued or delivered in this [S]tate."

In 1959 the provision was repealed, and was replaced with the following provision, applicable to policies "delivered or issued for delivery in this [S]tate" but only if a motor vehicle accident occurring in this State was involved (L 1959, ch 649, § 2): "If under a liability policy *delivered or issued for delivery in this state*, an insurer shall disclaim liability or deny coverage for death or [bodily] injury *arising out of a motor vehicle accident occurring within this state*, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant" (emphasis supplied).

In 1975 that provision was amended to cover claims arising from "death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this [S]tate" (L 1975, ch 775, § 1). In a memorandum in support, the Superintendent of Insurance noted that the 1975 amendment would, in essence, restore the statutory requirements of the 1958 enactment, which had been repealed because automobile insurance carriers claimed it unfairly imposed a "nationwide burden" (Mem of Supt of Ins, Bill Jacket, L 1975, ch 775). The Superintendent further noted that, unlike the 1958 provision, the 1975 provision was only applicable to accidents occurring in this State (*see, ibid.*).

It should be noted that the language in issue here, "delivered or issued for delivery in this [S]tate" differs from the language in Laws of 1958 (ch 759, § 3) and Insurance Law § 3420 (a), applicable to policies "issued or delivered in this [S]tate" (*see, Aperm of Florida v Trans-coastal Maintenance Co.*, 505 So 2d 459 [Fla]; *cf., American Cont. Props. v National Union Fire Ins. Co.*, 200 AD2d 443, 446-447).

The defendant acknowledges that "issued for delivery" does not mean the same as actual delivery (*see, Fenasci v Travelers Ins. Co.*, 642 F2d 986, 992, *cert denied* 454 US 1123). Further, it acknowledges that the policies "included as additional named insureds nine separate divisions of [the parent corporation], operating in several different states," including New York. The

defendant contends that the policies were not delivered or issued for delivery in New York, because the policies were actually delivered to the plaintiff's parent corporation in Texas, all premium invoices were sent to the parent corporation, and the policies were countersigned by the defendant's authorized agent in Texas.

In support of its contention that the policies were not issued for delivery in New York, the defendant relies upon *Marino v New York Tel. Co.* (944 F2d 109). In that case, the United States Court of Appeals for the Second Circuit held that a policy actually delivered in New Hampshire was not issued for delivery in New York where the named insured was a New Hampshire corporation, and the policy was not "specific" to any work in New York (*Marino v New York Tel. Co., supra*, at 113).

In *First City Acceptance Corp. v Gulf Ins. Co.* (245 AD2d 649) the Appellate Division, Third Department, found that Insurance Law § 3420 (d) did not apply to a policy issued and delivered in Massachusetts, where the insured was a Massachusetts company.

In the instant case, on the other hand, the policies listed, as a named insured, the plaintiff, which is a New York corporation located in and performing work in New York. The fact that the policies also covered other corporations operating in other States and the happenstance that the policies were countersigned and actually delivered in another State is not determinative. Rather, the location of the insured and the risk to be insured are determinative (*see, Amarnick v Automobile Ins. Co.,* 643 So 2d 1130 [Fla]; *East Coast Ins. Co. v Cooper,* 415 So 2d 1323 [Fla]; *Zurich Ins. Co. v Travelers Indem. Co.,* 184 AD2d 454, 461 [Sullivan, J. P., dissenting], *mod* 81 NY2d 938 *on dissenting mem of Sullivan, J. P.*).

We further note that the claim was for bodily injury resulting from an accident occurring within this State. Injury results from an accident when, from the point of view of the insured, the event was unexpected, unusual, or unforeseen (*see, Nallan v Union Labor Life Ins. Co.,* 42 NY2d 884). An unintended event is considered accidental (*see, Northville Indus. Corp. v National Union Fire Ins. Co.,* 89 NY2d 621, 623; *Petr-All Petroleum Corp. v Firemen's Ins. Co.,* 188 AD2d 139; *Matychak v Security Mut. Ins. Co.,* 181 AD2d 957).

Insurance Law § 3420 (d) applies because the disclaimer was for liability for a claim, under policies issued for delivery in this State, for bodily injury arising out of an accident occurring in this State. Pursuant to Insurance Law § 3420 (d), Wausau

was obligated to "give written notice as soon as is reasonably possible" of its disclaimer based upon the pollution exclusions in the policies. The plaintiff gave notice of the claim on or about August 7, 1996. An agent representing the defendant notified the plaintiff on or about September 27, 1996, that "allegations are being presented which may fall within the exclusions" in the defendant's primary policy, without specifying what those exclusions were. The defendant did not disclaim based upon the pollution exclusion until, at the earliest, December 20, 1996. This delay of over four months rendered the disclaimer untimely as a matter of law (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029-1030; *Prudential Prop. & Cas. Ins. v Persaud,* 256 AD2d 502).

Accordingly, we need not reach the question of whether the pollution exclusions apply here. The defendant is obliged to defend, and, if necessary, indemnify the plaintiff in the underlying action for liability incurred during the policy period (*see, Hanover Ins. Co. v Suffolk Overhead Door Co.,* 207 AD2d 428, 430).

With respect to the defendant's duty toward the Town of Hempstead, the allegations in the pleadings in the underlying action are sufficient to trigger a duty to defend the Town of Hempstead (*see, Incorporated Vil. of Cedarhurst v Hanover Ins. Co.,* 89 NY2d 293, 298). However, the record does not contain a copy of the contract between the plaintiff and the Town of Hempstead, which defined the plaintiff's obligation to procure insurance for the Town of Hempstead. Nor is it clear from the record who was responsible for the alleged condition which purportedly caused the claimant's injuries. In view of the foregoing, the record does not contain sufficient information to determine, as a matter of law, whether the defendant ever provided coverage for the alleged condition which purportedly caused the claimant's injuries. On this question, no timely disclaimer was required (*see, United Servs. Auto. Assn. v Meier,* 89 AD2d 998, *supra*). We agree with the Supreme Court that the defendant's obligation to indemnify the Town of Hempstead cannot be determined at this juncture.

The parties' remaining contentions are without merit, or need not be addressed at this juncture, in light of our determination.

Accordingly, the judgment is modified, on the law, by adding thereto a provision declaring that the defendant is obligated to indemnify the plaintiff, if necessary, in the underlying action for liability incurred during the policy period and to reimburse

the plaintiff for its pro rata share of reasonable litigation expenses, to be determined by the Supreme Court, Nassau County; as so modified, the judgment is affirmed, with costs to the plaintiff.

O'BRIEN, J. P., SULLIVAN and H. MILLER, JJ., concur.

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the defendant is obligated to indemnify the plaintiff, if necessary, in the underlying action for liability incurred during the policy period and to reimburse the plaintiff for its pro rata share of reasonable litigation expenses, to be determined by the Supreme Court, Nassau County; as so modified, the judgment is affirmed, with costs to the plaintiff.