■ In the Matter of ATLANTIC MUTUAL COMPANIES, Respondent, v GRACE M. CESERANO, Appellant. [773 NYS2d 80]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Putnam County (Hickman, J.), dated January 8, 2003, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The appellant Grace Marie Ceserano, formerly the vice president of sales for Effective Security Systems, Inc. (hereinafter Effective Security), was injured while engaged in company business when her vehicle was struck by a vehicle owned and operated by Frank Jarosz. Jarosz's insurance carrier settled her action against him for the full amount of Jarosz's insurance policy. Underinsurance coverage in the appellant's own insurance policy was not triggered and the appellant therefore filed a claim for underinsurance benefits with the petitioner, Effective Security's insurance carrier. The petitioner did not disclaim coverage, but when the appellant served a demand for arbitration, it commenced this proceeding to permanently stay the arbitration contending, among other things, that there was no coverage for the appellant under the terms of the policy.

The policy issued by the petitioner included an endorsement entitled "Drive Other Car Coverage—Broadened Coverage for Named Individuals" which provided, in relevant part, liability coverage for an automobile not owned by Effective Security while being used by an executive officer, except for an automobile owned by that individual. The endorsement defined an "insured" as, among others, an executive officer using a covered automobile, as described in the endorsement. The petitioner did not dispute that the appellant was an executive officer, but contended that the endorsement provided only liability coverage, not underinsured motorist coverage, and that the coverage was not applicable because the appellant owned the vehicle. The Supreme Court agreed, concluded that a disclaimer was not required under the circumstances, and granted the petition.

Even assuming that underinsured motorist coverage was included in the endorsement, an issue we need not reach, the appellant, by definition, was not an "insured" since she owned the vehicle she was using. The Supreme Court properly

concluded that a disclaimer was not required because coverage did not exist under the terms of the policy in the first instance (*see Zappone v Home Ins. Co.*, 55 NY2d 131 [1982]; *State Farm Mut. Auto. Ins. Co. v John Deere Ins. Co.*, 288 AD2d 294 [2001]).

In light of our determination, it is unnecessary to address the parties' remaining contentions. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.