■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA., et al., Respondents, v UTICA FIRST INSURANCE COMPANY, Appellant, et al., Defendant. [775 NYS2d 175]—

In an action, inter alia, for a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify the plaintiff Community Housing Innovations, Inc., in an action entitled *Kronenberg v Community Hous. Innovations,* pending in the Supreme Court, Suffolk County, under Index No. 97-25762, Utica First Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Willen, J.H.O.), dated October 1, 2002, as denied its motion for summary judgment and granted the plaintiffs' cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant Utica First Insurance Company is not obligated to defend and indemnify the plaintiff Community Housing Innovations, Inc., in the underlying action.

The plaintiff Community Housing Innovations, Inc. (hereinafter CHI), hired nonparty All Phase Alterations to perform certain work on premises it owned. All Phase agreed to obtain liability insurance naming CHI as an additional insured. All Phase obtained a liability policy from the defendant Utica First Insurance Company, but the policy limited the circumstances in which CHI was an additional insured. Specifically, CHI was an additional insured only for liability arising out of the financial control it had over All Phase or for liability arising out of certain premises owned by CHI, but only while All Phase leased or occupied those premises. An employee of All Phase was injured while working at CHI's Bay Shore premises, and he commenced the underlying personal injury action against CHI. CHI and its liability insurer, the plaintiff National Union Fire Insurance Company of Pittsburgh, Pa., requested that Utica First defend CHI in the underlying action. Initially, Utica First disclaimed coverage based on a policy exclusion applicable to employees of All Phase injured during the course of their employment with All Phase.

Thereafter, National Union and CHI brought this action, inter alia, for a judgment declaring that Utica First is obligated to defend and indemnify CHI in the underlying action. Utica First moved for summary judgment on the ground, among other things, that CHI was not an additional insured under the particular circumstances of the underlying case. It also asserted that it was not required to timely disclaim coverage pursuant to Insurance Law § 3420 (d) under these circumstances. National Union and CHI cross-moved for summary judgment, asserting that Utica First's disclaimer was not timely pursuant to Insurance Law § 3420 (d). The Supreme Court denied the motion and granted the cross motion, concluding, inter alia, that Utica First's disclaimer was subject to the requirements of Insurance Law § 3420 (d). We reverse.

"Disclaimer pursuant to section 3420 (d) is unnecessary when a claim falls outside the scope of the policy's coverage portion. Under such circumstances, the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]; *see Zappone v Home Ins. Co.*, 55 NY2d 131, 137-138 [1982]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49, 51 [2000]; *Presbyterian Hosp. in City of N.Y. v Aetna Life & Cas. Co.*, 222 AD2d 492, 493 [1995]). Where a clause limits the circumstances in which a party is an additional insured under an insurance policy and the underlying claim falls outside the limited coverage provided, disclaimer pursuant to Insurance Law § 3420 (d) is not required (*see Crespo v City of New York*, 303 AD2d 166, 167 [2003]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau, supra* at 54). In this case, since it is clear that CHI was not an additional insured under the circumstances of the underlying action, it was not necessary for Utica First to disclaim coverage on this basis.

The parties' remaining contentions are without merit. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.