■ SCOTT NEGLIA et al., Appellants, v BLUE RIDGE INSURANCE Co., Respondent, and PHILLIP P. CASTELLANO et al., Appellants. [781 NYS2d 527]—

In an action, inter alia, for a judgment declaring that the defendant Blue Ridge Insurance Co. is obligated to defend and indemnify the defendants Phillip P. Castellano and Mary Castellano in an action entitled *Neglia v Castellano,* pending in the Supreme Court, Suffolk County, under Index No. 03050/99, the plaintiffs appeal, and the defendants Phillip P. Castellano and Mary Castellano separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated May 9, 2003, as denied those

branches of their respective motions which were for summary judgment and as granted the cross motion of the defendant Blue Ridge Insurance Co. for summary judgment declaring that it was not obligated to defend and indemnify the defendants Phillip P. Castellano and Mary Castellano in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants, those branches of the motions which were for summary judgment are granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant Blue Ridge Insurance Co. is obligated to defend and indemnify the defendants Phillip P. Castellano and Mary Castellano in the underlying action entitled *Neglia v Castellano*, pending in the Supreme Court, Suffolk County, under Index No. 03050/99.

The appellants demonstrated their prima facie entitlement to summary judgment by showing that the subject car accident fell within the coverage provisions of the insurance policy issued by Blue Ridge Insurance Co. (hereinafter Blue Ridge) (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 190 [2000]; *see also Handelsman v Sea Ins. Co.*, 85 NY2d 96 [1994]). Blue Ridge failed to provide an explanation for its unreasonable 15-month delay in disclaiming coverage and thus did not raise a triable issue of fact (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028 [1979]; *Nuzzo v Griffin Technology*, 222 AD2d 184, 188 [1996]). Accordingly, the appellants were entitled to summary judgment and a declaration in their favor (*see Mann v Gulf Ins. Co.*, 3 AD3d 554 [2004]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Blue Ridge is obligated to defend and indemnify the defendants Phillip P. Castellano and Mary Castellano in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.