Commercial Union Ins. Co. v Liberty Mut. Ins. Co. (2004 NY Slip Op 50906(U))

[*1]

Commercial Union Ins. Co. v Liberty Mut. Ins. Co.

2004 NY Slip Op 50906(U)

Decided on August 13, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2004

Supreme Court, Nassau County
COMMERCIAL UNION INSURANCE COMPANY, as subrogee of 
 S&C MURPHY CONTRACTORS, INC. and assignee of &C BUILDING RENOVATIONS and CEZARY BARTOSIEWICZ, Plaintiff(s),
against
LIBERTY MUTUAL INSURANCE COMPANY and UNITED STATES FIDELITY & GUARANTY CO., Defendant(s).
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff(s),
against
WILLIAM F. MALLOY AGENCY, INC., MARYLAND CASUALTY COMPANY, AND ZURICH-AMERICAN INSURANCE, Defendant(s).
105/00

Joseph C. Scibilia & Associates
Attorney for Plaintiffs
41 Hilton Avenue
Hempstead, NY 11550-2119
Martyn, Toher, Esposito & Martyn, Esqs.
Attorney for Defendant Liberty Mutual Insurance Company
333 Old Country Road, Suite 211
Mineola, NY 11501
Hiscock & Barclay, LLP
Attorney for Defendant United States Fidelity & Guaranty Co.
2000 HSBC Plaza
Rochester, NY 14604-2404

George R. Peck, J.
Presently, before the Court are three applications: 1) the defendant/third party plaintiff Liberty Mutual Insurance Company's motion for summary judgment, dismissing the plaintiff's Complaint; 2) the plaintiff's motion for an order granting summary judgment against both defendants Liberty Mutual Insurance Company and Untied States Fidelity & Guaranty Co. (hereinafter USF & G); and 3 ) the defendant USFG's motion dismissing the plaintiff's complaint as it relates to it individually.
FACTS
The underlying cause of the present declaratory action concerns Henry Kulbacki, who was an employee of J&C Building Renovations ( the principal of J&C Building Renovations was [*2]Cezary Bartosiewicz who was also sued on a individual basis), a roofing subcontractor on a construction project where S&C Murphy was the general contractor. It is un-controverted that Kulbacki, while in the course of his employment, was injured on the construction project of which S&C Murphy was the general contractor, and that Kulbacki sustained serious and permanent injuries as of a result of said accident. The situs of the Kulbacki accident which caused the injuries was Rye, New York. Liberty Mutual Insurance Company provided workers' compensation insurance to J&C Building Renovations, while USF & G provided general liability insurance to J&C Building Renovations.
The Kulbacki action was settled, under the terms of which S&C Murphy's insurer paid to Kulbacki approximately $1,500,000.00 Dollars. J&C Building Renovations conceded liability on the cause of the accident and assigned to S&C Murphy any and all rights against its insurers, Liberty Mutual Insurance Company and USF&G. 
ANALYSIS
The question for this Court to determine is whether the defendants Liberty Mutual Insurance Company and USF&G breached their obligations to defend and indemnify J&C Building Renovations and Cezary Bartosiewic, in the underlying action.
The Court will first address the defendant/third party plaintiff Liberty Mutual Insurance Company's motion for summary judgment, which is solely premised on the allegation that they did not provide workers' compensation insurance to J&C Building Renovations outside the State of Connecticut.
At issue is item 3 of the information page of the policy issued by Liberty Mutual
Insurance to its insured J&C Building Renovations which provides in pertinent part:

"Item 3. Coverage
A. Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here: CT
B. Employers Liability Insurance: Part Two of the policy applies to work in each State listed in item 3.A. The limits of our liability under Part Two are:
Bodily Injury by Accident $500,000 each accident
Bodily Injury by Disease $500,000 policy limit
Bodily Injury by Disease $500,000 each employee
C. Other States Insurance: Part Three of the policy applies to the States, if any, listed here: ALL STATES EXCEPT THOSE LISTED IN ITEM 3A AND THE STATES OF CA CO LA MA MN MS MT ND NM NV NY OH OK TX UT WA WI WV WY PR A." The Court notes that Counsel for Liberty maintains the term "except" in item 3 (C) of the information page excludes New York State.
It is well-settled law in this State that any ambiguity in the language of an insurance policy must be construed liberally in favor of the insured and strictly against the insurer. Ace Wire & Cable Co. v. Aetna Casualty & Surety Co., 60 N.Y.2d 390 (1983) In Ace Wire, the Court used a two-part test to in interpret an insurance policy. Ace Wire, supra at pg. 398. The first part of the test was "common speech" and the second part was "the reasonable expectations of the ordinary businessman." From this Court's "common speech" reading of the information page, it is of the opinion that an ambiguity is present concerning whether workers' compensation was provided to J&C Building Renovations in the State of New York by Liberty. The Court finds specifically that clause "c" of item three of the information page when read in the context of common speech is ambiguous.
In giving workers comprehensive insurance to J&C Building Renovations, was Liberty aware, or did they make inquires as to whether their insured worked out of State? No evidence was offered in the papers or during oral argument as to what was the expectation of J&C Building Renovations as to whether they had workers' compensation for work they performed outside the State of Connecticut. (The record is silent as to the geographic area where J&C [*3]Building Renovations conducted its business.) Consequently, with the defendant/third party plaintiff having failed in this Court's opinion to make a prima facie case demonstrating its entitlement to summary judgment, its motion is hereby denied. Likewise, as to that portion of the plaintiff's motion for summary judgment as against Liberty Mutual, that part of plaintiff's application is denied.

The Court will state the basic premise on this subject:
To obtain summary judgment it is necessary that the movant establish his cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his favor and he must do so by tender of evidentiary proof in admissible form. Zuckerman v. City of New York, 49 NY2d 557 (1980) 

A Court's function when determining a motion for summary judgment is one of issue finding, not issue determination, and only where a genuine issue of fact is found to exist should summary judgment be denied. Super v. Abdelazim 108 AD2d 1040 (3rd Dept. 1985); Wiener v. Ga-Ro Die Cutting Inc., 104 AD2d 331 (1st Dept. 1984) In this Court's opinion a question of fact exists on what was the geographic location that J&C Building Renovations conducted its business. A reasonable businessman would have workers' compensation insurance in effect covering all work that the company performed, no matter the location. It is common knowledge that in the northeast area of the Country contractors regularly perform work in States that are not their residence.
As to that portion of the plaintiff's motion for summary judgment as against USF&G, the Court's first level of inquiry is to determine what law applies to that portion of the plaintiff's motion which seeks summary judgment against the defendant USF&G.
As set forth by the Court of Appeals in Miller v. Miller, 290 NYS2d 734, at pg. 737:

"[T]he rule which has evolved clearly in our most recent decisions is that the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict."
As to the issue of which State law applies, the situs of the incidence that gave rise to the underlying action took place in Rye, New York The underlying action was prosecuted in Kings County, New York. It is self evident to this Court that all the facts and circumstances giving rise to the underlying incident have transpired in New York State and USF&G has failed to proffer any credible evidence to the contrary. New York State law was applied in the underlying action. This Court will apply New York law as it relates to the plaintiff's motion and the defendant USF&G motion. [FN1]
It was uncontroverted that the defendant USF&G first received notice of the underlying action on December 9, 1996 and it was not until some six months later did they disclaim coverage. This Court finds that as a matter of law the defendant USF&G delay in disclaiming is unreasonable and not supported by any facts or applicable law. The defendant USF&G's assertion that it was investigating other sources of insurance is seen by this Court to be inconsequential. From the outset of the underlying action the defendant USF&G was apprised of all salient facts and circumstances that gave rise to the incident at issue. See: First Financial Insurance Co. v Jetco Contracting Corp., 1 NY3d 64, (2003).
Accordingly, this Court finds that pursuant to Insurance Law § 3420(d), the six month delay in disclaiming coverage is unreasonable, and consequently, that portion of the plaintiff's [*4]motion seeking summary judgment as against the defendant USF&G, is hereby granted. Judgement and apportionment of liability is hereby held in abeyance pending the resolution of the within action.Based upon the above noted, the defendant's motion is hereby denied in its entirety.
It is, so ordered.
Dated: August 13, 2004_________________________________
 A.J.S.C.
Joseph C. Scibilia & Associates
Attorney for Plaintiffs
41 Hilton Avenue
Hempstead, NY 11550-2119
Martyn, Toher, Esposito & Martyn, Esqs.
Attorney for Defendant Liberty Mutual Insurance Company
333 Old Country Road, Suite 211
Mineola, NY 11501
Hiscock & Barclay, LLP
Attorney for Defendant United States Fidelity & Guaranty Co.
2000 HSBC Plaza
Rochester, NY 14604-2404 
Footnotes

Footnote 1:The Court is cognizant that the policy was delivered in Connecticut, nonetheless, no evidence was proffered to this Court by USF&G concerning what was the geographic area that J&C Building Renovations conducted its business.