■ CITY OF NEW YORK, Respondent-Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Appellants, INSURANCE COMPANY OF NORTH AMERICA, Respondent, et al., Defendant. [801 NYS2d 362]—

In an action, inter alia, for a judgment declaring that the defendants St. Paul Fire and Marine Insurance Company, Northbrook Property & Casualty Insurance Company, and Insurance Company of North America are obligated to defend and indemnify the plaintiff in an underlying action entitled *Pastuizaca v City of New York*, pending in the Supreme Court, Kings County, under index No. 4441/96, (1) the defendants St. Paul

Fire and Marine Insurance Company and Northbrook Property & Casualty Insurance Company appeal from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated December 17, 2003, as granted the plaintiff's motion for summary judgment, denied their cross motion for summary judgment, and directed them to reimburse the plaintiff for litigation expenses incurred in the defense of that action, and (2) the plaintiff cross-appeals, as limited by its brief, from so much of the same order as granted the cross motion of the defendant Insurance Company of North America for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the defendant Insurance Company of North America by the plaintiff and one bill of costs payable to the plaintiff by the defendants St. Paul Fire and Marine Insurance Company and Northbrook Property & Casualty Insurance Company, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendants St. Paul Fire and Marine Insurance Company and Northbrook Property & Casualty Insurance Company are obligated to defend and indemnify the plaintiff in the underlying action entitled *Pastuizaca v City of New York*, pending in the Supreme Court, Kings County, under index No. 4441/96, and that the defendant Insurance Company of North America is not obligated to defend and indemnify the plaintiff in that underlying action.

On December 9, 1992, the City of New York entered into a contract with Rutigliano Paper Stock, Inc. (hereinafter Rutigliano), for the processing and marketing of recyclable materials. Under the terms of the contract, Rutigliano was required to procure comprehensive general liability insurance naming the City as an additional insured. Rutigliano obtained the required coverage from the defendant Northbrook Property & Casualty Insurance Company (hereinafter Northbrook). Rutigliano also procured a commercial umbrella liability policy for excess coverage from the defendant Insurance Company of North America (hereinafter ICNA).

On March 31, 1995, one of Rutigliano's employees was struck and killed by a City sanitation truck while performing work related to the recycling services contract. About 11 months later, the employee's estate commenced the underlying wrongful death action against the City, the New York City Department of Sanitation, and several other parties. Thereafter, by letter dated November 12, 1998, the City requested Northbrook's successor,

the defendant St. Paul Fire and Marine Insurance Company (hereinafter St. Paul) to assume its defense in the underlying action because it was an additional insured under the general liability policy issued to Rutigliano. Over four months later, on March 18, 1999, St. Paul disclaimed coverage on the ground that the subject policy excluded claims for bodily injury arising out of the ownership, maintenance, and use of an auto owned or operated by any insured.

The City subsequently commenced this action, inter alia, for a judgment declaring that Northbrook, its successor St. Paul, and the excess coverage carrier ICNA were required to defend and indemnify it in the underlying action. The City then moved for summary judgment against Northbrook and St. Paul, contending that St. Paul's disclaimer was untimely pursuant to Insurance Law § 3420 (d), which requires written notice of disclaimer to be provided "as soon as is reasonably possible." Northbrook and St. Paul cross-moved for summary judgment, arguing, inter alia, that the subject policy did not cover accidents caused by the use of an automobile or truck by any insured. ICNA also separately cross-moved for summary judgment, alleging that it had not received notice that the City was seeking coverage under its policy until it was served with the summons and complaint in this action on February 15, 2000, and that it timely disclaimed coverage in its answer served on March 21, 2000. The Supreme Court granted the City's motion for summary judgment against Northbrook and St. Paul and denied their cross motion, finding that they had failed to timely disclaim coverage pursuant to Insurance Law § 3420 (d). The court also granted ICNA's cross motion for summary judgment.

On appeal, Northbrook and St. Paul maintain that they had no obligation to issue a timely disclaimer pursuant to Insurance Law § 3420 (d) because the subject liability policy did not include coverage for bodily injury arising from the use of an insured's automobiles. We disagree. A disclaimer is unnecessary when a claim falls outside the scope of a policy's coverage portion, since "requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]; *see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646 [2001]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49 [2000]). "Conversely, a timely disclaimer pursuant to Insurance Law § 3420 (d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion" (*Markevics v Liberty Mut. Ins. Co., supra* at 648-649). An insurer's failure to comply with Insurance Law § 3420 (d)

precludes it from denying coverage based upon a policy exclusion (*see Worcester Ins. Co. v Bettenhauser, supra*). Here, since the subject policy provided coverage for bodily injury caused by an occurrence, the claim in the underlying action falls within its coverage terms. The policy would thus provide coverage but for the exclusion relating to injury arising out of any insured's use of an automobile, which is claimed to apply. Accordingly, the Supreme Court properly determined that Northbrook and St. Paul were required to issue a timely disclaimer of coverage (*see Markevics v Liberty Mut. Ins. Co., supra; Worcester Ins. Co. v Bettenhauser, supra; Neglia v Blue Ridge Ins. Co.*, 9 AD3d 453 [2004]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau, supra*).

Furthermore, Northbrook and St. Paul failed to sustain their burden of justifying the delay of more than four months in disclaiming coverage (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]). "[A]n insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 69). Since St. Paul's disclaimer was predicated upon the alleged applicability of the automobile exclusion in the subject policy, its basis for denying coverage was readily apparent and thus, its delay in issuing the disclaimer was unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco, supra; Uptown Whole Foods, Inc. v Liberty Mut. Fire Ins. Co.*, 302 AD2d 592 [2003]; *City of New York v Northern Ins. Co. of N.Y.*, 284 AD2d 291 [2001]; *North Country Ins. Co. v Tucker*, 273 AD2d 683 [2000]).

However, the Supreme Court properly granted the cross motion of the excess insurer ICNA for summary judgment declaring that it is not obligated to defend and indemnify the City in the underlying action. As an additional insured under the ICNA policy, the City had an independent duty to provide the excess insurer with timely notice of the claim against it and its demand for coverage (*see American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433 [1997]; *Travelers Ins. Co. v Volmar Constr. Co., Inc.*, 300 AD2d 40 [2002]; *Nationwide Ins. Co. v Empire Ins. Group*, 294 AD2d 546 [2002]; *Roofing Consultants v Scottsdale Ins. Co.*, 273 AD2d 933 [2000]; *American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373 [1998]). The fact that an insurer may have received notice of the claim from the primary insured, or from another source, does not excuse an additional insured's failure to provide notice (*see Travelers Ins. Co. v Volmar Constr. Co., supra; Sayed v Macari*, 296 AD2d 396 [2002]; *Roofing Consultants v Scottsdale Ins. Co., supra; Ameri-*

*can Mfrs. Mut. Ins. Co. v CMA Enters., supra*). Here, ICNA was not notified by the City of the underlying action and the City's demand for coverage until it was served with the summons and complaint in this action on February 15, 2000. Under these circumstances, ICNA's assertion of untimely notice as a basis for denying coverage in its answer satisfied the disclaimer requirements of Insurance Law § 3420 (d) (*see Roofing Consultants v Scottsdale Ins. Co., supra; American Mfrs. Mut. Ins. Co. v CMA Enters., supra; Thomson v Power Auth. of State of N.Y.*, 217 AD2d 495 [1995]).

The parties' remaining contentions are either without merit or need not be addressed in light of our determination.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that St. Paul Fire and Marine Insurance Company and Northbrook Property & Casualty Insurance Company are obligated to defend and indemnify the plaintiff in the underlying action and that ICNA is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.