■ Commercial Union Insurance Company, Respondent-Appellant, v Liberty Mutual Insurance Company, Appellant-Respondent, et al., Defendant. [828 NYS2d 479]—

In an action, in effect, for a judgment declaring, inter alia, that the defendant Liberty Mutual Insurance Company was obligated to either defend and/or indemnify its insureds in an underlying personal injury action entitled *Kulbacki v J & C Building Renovations,* pending in the Supreme Court, New York County, index No. 124171/00, the plaintiff, Commercial Union Insurance Company, appeals from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered August 18, 2004, as denied that branch of its cross motion which was for summary judgment in its favor against the defendant Liberty Mutual Insurance Company declaring that the defendant Liberty Mutual Insurance Company was obligated to defend and indemnify its insureds in the underlying personal injury action, and the defendant Liberty Mutual Insurance Company cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment in its favor.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of Liberty Mutual Insurance Company for summary judgment in its favor and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Liberty Mutual Insurance Company was not obligated to either defend and/or indemnify its insureds in the underlying personal injury entitled *Kulbacki v J & C Building Renovations,* pending in the Supreme Court, New York County, under index No. 124171/00.

As a general rule, the construction of terms and conditions of an insurance policy that are clear and unambiguous presents a question of law to be determined by the court (*see Caporino v Travelers Ins. Co.,* 62 NY2d 234, 239 [1984]; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 355 [1978]; *Raino v Navigators Ins. Co.,* 268 AD2d 419, 420 [2000]; *Dubay v Trans-Am. Ins. Co.,* 75 AD2d 312 [1980]). On the other hand, any ambiguity in an insurance contract must be construed against the insurer and in favor of the policyholder (*see Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44, 49 [1943]). However, the terms of an insur-

ance contract are not considered ambiguous merely because the parties interpret the language differently (*see Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 352 [1996]).

We agree with the contention of the defendant Liberty Mutual Insurance Company (hereinafter Liberty Mutual) that the Supreme Court incorrectly determined that the insurance policy in question was ambiguous. Item 3, subsection c, of the insurance policy issued by Liberty Mutual to its insureds, J & C Building Renovations and Cezary Bartosiewicz, provides that no coverage is afforded for accidents occurring in certain states. Contrary to the plaintiff's contentions, item 3, subsection c, clearly and unambiguously delineates New York as one of the states in which there is no coverage provided. Since there was no coverage in the first instance, there was no requirement for Liberty Mutual to provide a timely disclaimer (*see Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188 [2000]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Utica First Ins. Co.,* 6 AD3d 681, 682 [2004]).

Accordingly, Liberty Mutual is entitled to a declaration that it was not obligated to either defend and/or indemnify its insureds in the underlying personal injury action entitled *Kulbacki v J & C Building Renovations et al.,* in the Supreme Court, New York County, index No. 124171/00 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur. [*See* 4 Misc 3d 1016(A), 2004 NY Slip Op 50906(U) (2004).]