■ LIBERTY MUTUAL FIRE INSURANCE COMPANY et al., Respondents, v NATIONAL CASUALTY COMPANY, Appellant. [850 NYS2d 188]—

In an action, inter alia, for a judgment declaring that the defendant is required to defend and indemnify the plaintiffs ADESA New York, LLC, and Louis Amelia with respect to various personal injury actions and claims which arose out of an accident that occurred on July 22, 2005, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered April 2, 2007, which granted the plaintiffs' motion for partial summary judgment on the first cause of action and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate declaratory judgment.

We agree with the defendant that the disputed policy provision is in the nature of a limitation of coverage (*see Matter of*

*Atlantic Mut. Cos. v Ceserano*, 5 AD3d 382, 383-384 [2004]; *State Farm Mut. Auto. Ins. Co. v John Deere Ins. Co.*, 288 AD2d 294 [2001]; *Matter of Fireman's Fund Ins. Co. v Freda*, 156 AD2d 364, 366 [1989]; *Schmidt v Prudential Ins. Co.*, 143 AD2d 997, 998-999 [1988]), rather than an exclusion (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-190 [2000]; *United Servs. Auto. Assn. v Meier*, 89 AD2d 998, 1000 [1982]). Consequently, the defendant's failure to issue a timely denial of coverage did not estop it from denying coverage on that ground (*see* Insurance Law § 3420 [d]; *Zappone v Home Ins. Co.*, 55 NY2d 131, 138 [1982]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Utica First Ins. Co.*, 6 AD3d 681, 682 [2004]).

The disputed provision, however, was ambiguous as to whether auctioneers were covered by the policy. The law is clear that if an insurance policy is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the insured against the insurer (*see Hartol Prods. Corp. v Prudential Ins. Co.*, 290 NY 44, 49 [1943]). Further, where the policy is ambiguous regarding the "extent of coverage," the insurer must issue a timely disclaimer under Insurance Law § 3420 (d) (*Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 370-371 [1998]; *see Matter of New York Cent. Mut. Fire Ins. Co. v Ward*, 38 AD3d 898, 899 [2007]). Here, the defendant did not issue a timely denial of coverage, and the ambiguity in coverage is construed against it, thus affording coverage under its policy to the plaintiffs ADESA New York, LLC, an auctioneer, and Louis Amelia, one of its employees, (*cf. Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d at 371). Additionally, as the Supreme Court properly determined, under the terms of the two policies at issue, the defendant's policy provided primary coverage and the policy of the plaintiff Liberty Mutual Fire Insurance Company provided excess coverage. Consequently, the Supreme Court properly granted the plaintiffs' motion for partial summary judgment on the first cause of action and denied the defendant's cross motion for summary judgment.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for entry of an appropriate declaratory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., Santucci, Miller and Balkin, JJ., concur.