■ PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v MOTORS INSURANCE COMPANY et al., Respondents, et al., Defendants. [733 NYS2d 226] —In an action, *inter alia*, for a judgment declaring that the defendant Motors Insurance Company is obligated to defend and indemnify Joseph Vargas in an underlying personal injury action entitled *Young v Vargas,* pending in the Supreme Court, Suffolk County, under Index No. 00578/00, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Winick, J.), entered January 8, 2001, which denied its motion for summary judgment and granted the cross motion of the defendants Motors Insurance Company and Thomas Dodge Corp. of New York for sum-

mary judgment, and (2) a judgment of the same court, entered January 31, 2001, which, upon the order, declared that the defendant Motors Insurance Company is not obligated to defend and indemnify Joseph Vargas in the underlying personal injury action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In the underlying personal injury action, Joseph Vargas, a customer of the defendant Thomas Dodge Corp. of New York (hereinafter Dodge), was test-driving one of Dodge's vehicles when he was involved in a motor vehicle accident with Sharon Young. At the time of the accident, Vargas had a personal automobile insurance policy with the plaintiff, Progressive Northeastern Insurance Company (hereinafter Progressive). Dodge had a garage policy with the defendant Motors Insurance Company (hereinafter Motors), however, that policy had a "no liability" clause which excluded coverage if other valid automobile insurance exists.

Progressive brought the instant action to determine the rights and obligations of Progressive and Motors to provide a defense and indemnification to Vargas in the underlying personal injury action. The Supreme Court correctly granted summary judgment to the defendants Dodge and Motors. The "no liability" clause of the garage policy did not extend coverage once it was determined that Vargas was insured under another valid policy of automobile insurance (*see, Mills v Liberty Mut. Ins. Co.,* 30 NY2d 546; *Davis v De Frank,* 33 AD2d 236, *affd without opn* 27 NY2d 924).

We reject the plaintiff's argument that *ELRAC, Inc. v Ward* (96 NY2d 58) overruled *Davis v De Frank (supra).* Santucci, J. P., Altman, Townes and Crane, JJ., concur.