■ UNITED PARCEL SERVICE, INC., et al., Respondents, v AMERICAN MOTORISTS INSURANCE COMPANY et al., Appellants, et al., Defendants. [784 NYS2d 592]—

In an action, inter alia, for a judgment declaring that the defendants American Motorists Insurance Company and Kemper Insurance Company are obligated to defend and indemnify the plaintiff Liberty Mutual Fire Insurance Company in a personal injury action entitled *Cruz v United Parcel Serv., Inc.,* pending in the Supreme Court, Bronx County, under index No. 15301/95, the defendants American Motorists Insurance Company and Kemper Insurance Company appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (DiBlasi, J.), entered May 1, 2003, which, among other things, granted the plaintiffs' motion for summary judgment and declared that the defendants American Motorists Insurance Company and Kemper Insurance Company are obligated to defend and indemnify the plaintiff Liberty Mutual Fire Insurance Company.

Ordered that the order and judgment is affirmed, with costs.

In April 1995 Gonzalo A. Cruz commenced a personal injury action against, among others, United Parcel Service, Inc. (hereinafter UPS), AAA Truck Body Builders, Inc. (hereinafter AAA), and Modesto V. Estrella. In that action (hereinafter the Cruz action), Cruz sought damages for injuries he sustained in a car accident on the Brooklyn Queens Expressway on April 23, 1992. The Cruz vehicle was struck by a vehicle owned by UPS and operated by Estrella, then an employee of AAA, while Estrella was transporting the UPS vehicle to an AAA body shop for repairs. The Cruz action was subsequently settled, and the plaintiff Liberty Mutual Fire Insurance Company (hereinafter Liberty), UPS's insurer, and the defendants American Motorists Insurance Company and Kemper Insurance Company (hereinafter collectively AMI), AAA's insurer, paid the costs thereof.

At the time of the accident, AMI insured AAA under a business automobile liability policy which included a provision that the insurance provided under the policy was excess over any other collectible insurance. The Liberty policy insuring the UPS vehicle included a "no liability" clause, which provided that the insurance policy did not apply to any losses for which there was any "other valid and collectible insurance whether on a pri-

mary, excess, or contingent basis" (*see Progressive Northeastern Ins. Co. v Motors Ins. Co.,* 288 AD2d 363, 364 [2001]). This action was commenced in May 2001 by UPS and Liberty (hereinafter collectively the plaintiffs) against AMI, AAA, Estrella, and Cruz, inter alia, for a judgment declaring that AMI is obligated to defend and indemnify Liberty in a personal injury action entitled *Cruz v United Parcel Service, Inc.,* pending in the Supreme Court, Bronx County, under index No. 15301/95.

AMI did not dispute that its policy covered Estrella, at least in part, for Cruz's damages resulting from the accident. Since there was other valid insurance covering the loss, the "no liability" clause of the UPS policy precluded coverage here (*see Progressive Northeastern Ins. Co. v Motors Ins. Co., supra*). Accordingly, the Supreme Court correctly, inter alia, granted the plaintiffs' motion for summary judgment (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]) and declared that AMI was obligated to defend and indemnify Liberty.

AMI's remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.